## AUSTEN v. CRILLY.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

TAXATION—WHAT CONSTITUTES RESIDENCE.

A person "resides," for the purposes of taxation (2 Rev. St. [8th Ed.] p. 1094, § 5), in a city where he has lived for nearly two years, having employment there part of the time, though he has a domicile in another state, where he votes and pays taxes, and to which he intends to return.

Appeal from special term, New York county.

Petition by David E. Austen, receiver of taxes, to enforce the payment of tax for personal property against Francis J. Crilly. From an order committing him to the county jail in default of the payment of the tax, Francis J. Crilly appeals. Affirmed.

In opposition to the motion to enforce payment of such tax, said Crilly submitted the following affidavit: "Francis J. Crilly, above named, being duly sworn, deposes and says that for the past fifteen years, including the year 1895, he has been, and now is, a resident of Haverford township, Delaware county, and in business in the city of Philadelphia, state of Pennsylvania; that he has paid taxes there during said period, and has always voted there; that he had no personal property in the city or state of New York during the year 1895 subject to taxation; that about October 1, 1894, deponent hired a house in the city of New York for a residence, while temporarily engaged in business as superintendent of the business of a firm in the city of New York, which is still his temporary residence; that said engagement and business ceased May 1, 1895, and he is now engaged in no business in the city or state of New York; that he still retains his house in Haverford township, Pennsylvania, and has business in Philadelphia, and that all his property and business is in the state of Pennsylvania; that his sojourn in New York is merely temporary, and he has never given up his residence in Pennsylvania, or had any intention of so doing."

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Samuel G. Adams, for appellant.

R. G. Monroe, for respondent.

BARRETT, J. Mr. Crilly admits that he has a residence in New York as well as in Pennsylvania. The Pennsylvania residence he characterizes as "permanent"; the New York residence as "temporary." The statute (Rev. St. [8th Ed.] p. 1094, § 5) makes no such distinction. It provides that every person "shall be assessed in the town or ward where he resides when the assessment is made for all personal estate owned by him." Mr. Crilly tells us that his temporary residence in this city commenced on the 1st day of October, 1894. Apparently it has been continued from that day to this. It certainly continued down to the 27th of August of the present year, when his affidavit in the proceeding was made. He hired a house in this city for a residence about the 1st of October, 1894, and he was engaged in business here from that date down to the 1st of May, 1895. Clearly, he confounds residence with domicile. The fact is that, though his domicile is in Pennsylvania, he has resided here ever since the 1st of October, 1894. What he styles his permanent residence is his domicile. What he characterizes as his temporary residence is simply his residence. He says he has paid taxes in Pennsylvania during the period in question. But he does not say

that these taxes were upon personalty. They may have been upon real estate. He also says that he has always voted in Pennsylvania. That may be, but it is not conclusive. He may still be a resident of this city for the purposes of taxation. Besides, the statement is too general. It may well mean that, whenever he voted, it was there. He does not state that he has actually voted in Pennsylvania since the 1st day of October, 1894.

The court properly found, upon the relator's affidavit, as matter of fact, that he was a resident of the city for the purposes of taxation. The case comes directly within the definition of residence  in Frost v. Brisbin, 19 Wend. 11: "There must be a settled, fixed abode, and intention to remain permanently, at least for a time, for business or other purposes." To the same effect are Ex parte Thompson, 1 Wend. 45, Bartlett v. Mayor, etc., 5 Sandf. 44, and Douglas v. Mayor, etc., 2 Duer, 110. The word "permanently" is used in Frost v. Brisbin as the converse of "transient." It expresses the idea of an abode, which may be temporary, but is not transient; that is, an abode where one settles down with some business or other object which requires it, and with the intention of remaining steadily in the place until such object is accomplished.

The order should be affirmed, with costs and disbursements. All concur.

