(25 App. Div. 195.)

### FLAHERTY v. CARY et al.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

SECURITY FOR COSTS.

A party may "reside without the state," and so be subject to Code Civ. Proc. § 3268, relating to security for costs, even though his domicile is in this state.

Appeal from special term, New York county.

Action by Robert Flaherty against Clarence Cary and others. From an order vacating an order requiring plaintiff to give security for costs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Willard Parker Butler, for appellants.
Howard P. Okie, for respondent.

BARRETT, J. The defendants, upon an affidavit which was probably insufficient, obtained an ex parte order requiring the plaintiff to give security for costs, upon the ground that he was a nonresident. Instead of moving to vacate this order upon the papers on which it was granted, he made a motion upon affidavits alleging that he is a resident. The defendants met these affidavits by further proofs in support of their allegation of nonresidence, and thus the question of residence or nonresidence is to be determined from all the affidavits contained in the record. The plaintiff deposes that he "resides in the city and county of New York, where he has continually resided for seventeen years last past." This is but the statement of a conclusion, unless taken to mean that the plaintiff has actually lived within the city for that period, which, as he was repeatedly absent, was obviously not intended. In a later part of the affidavit is a declaration that the plaintiff has business interests which "preclude him from having a domicile in any other place than in this city." The words "domicile" and "residence" are here confused in the mind of the affiant. He evidently treats "residence" as synonymous with "domicile," and this error is doubtless the keynote to his position throughout. It throws a

clear light upon his assertion of residence, and, in view of the real facts as to his business life and doings, it plainly indicates that "domicile," in its legal sense, and not "residence," is what he speaks of. The defendant's affidavits show quite conclusively that at some time in the year 1896 Mr. Flaherty moved from this city to Philadelphia, in order to be near the Philadelphia office of the Remington & Sherman Company, which had just employed him, and that, when this employment there ceased, he still continued to reside in that city. The removal to Philadelphia, coupled with the intention to remain there permanently (that is, while his business required it), made plaintiff, for the time being, a resident of that city, although his domicile at the same time may have been here. Frost v. Brisbin, 19 Wend. 11; Austen v. Crilly, 13 App. Div. 247, 42 N. Y. Supp. 1097; Bennett v. Watson, 21 App. Div. 409, 47 N. Y. Supp. 569. The statements in plaintiff's affidavit as to his employment by the firm of Remington, Sherman & Co., his absences from the city on the business of that firm, that he lived at No. 309 West Fourteenth street, "whenever his business engagements permitted him to make a protracted stay in the city," and his storage of trunks and property in this house during his absences, call for no special consideration. These statements cannot outweigh the prominent facts upon which residence, in a legal sense, depends. They are, besides, trifling in themselves, and are more than balanced by the facts shown in the plaintiff's opposing affidavits. In view of the clear evidence of legal nonresidence furnished by the defendants, the circumstance, for example, that during his absences from the city the plaintiff left certain trunks and property in the care of the person with whom he lived when he was here, is of no importance. So, also, as to the plaintiff's statement that "he has always registered as a qualified voter in said [this] city whenever circumstances permitted him so to do, and has never voted or performed any other act of citizenship in any state other than New York." This statement is quite vague. It leaves us entirely in the dark as to when circumstances permitted him to register here, and, indeed, he does not say that he ever voted here. The real significance of the statement is in what it fails to tell us. Without commenting further upon the affidavits, or attempting a minute analysis of their contents, we need only say that, upon their careful examination, we think it clear that the plaintiff is a nonresident, within the meaning of the statute, and that the order requiring him to give security was proper.

The order appealed from should be reversed, and the order requiring the plaintiff to give security reinstated, with costs and disbursements of the appeal, and costs upon the denial of the plaintiff's motion. All concur.