JOSEPH GINELL, Plaintiff, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Saratoga County, November, 1922.

Insurance — permanent disability clause in life policy — waiver of payment of premiums — tuberculosis from which insured recovered — when entitled to repayment of premiums paid during illness.

A total disability from tuberculosis which continued for a period of sixteen months is a " permanent disability " as that term is used in a policy of insurance.

A policy issued to plaintiff by defendant provided that should the insured become permanently disabled, the company upon receipt of proof of the fact would waive payment of the premiums " during such disability " and that a certain sum should be paid to the insured monthly but only " during such disability." The proof in an action on the policy was to the effect that while it was in force plaintiff was taken with early pulmonary tuberculosis of the lungs in consequence of which he became ill and physically incapacitated from working for about sixteen months after which he was able to return to his occupation. *Held*, that plaintiff was entitled to recover the amount of premiums paid by him during his disability together with the sum per month agreed upon for such time.

The contention of the defendant that plaintiff's disability was not " permanent " within the meaning of the policy unless it continued during the lifetime of plaintiff, held untenable.

ACTION to recover under a permanent disability clause in an insurance policy.

*Rowe & Walsh*, for plaintiff.

*Edgar T. Brackett* (*Spencer B. Eddy*, of counsel), for defendant.

ANGELL, J. The facts are stipulated. On May 2, 1919, defendant issued to plaintiff its policy of insurance whereby, in con-

sideration of specified quarterly premiums, it insured plaintiff's life in the sum of $1,000 payable twenty years from the date of the policy. The policy further provides:

" *Total and permanent disability benefits.* Monthly income ten dollars per month * * * payable to the insured in event of total and permanent disability before age 60, subject to the provisions as to total and permanent disability contained in the policy.

" *Waiver of premiums* in event of total and permanent disability as hereinafter provided.

" * * * *Waiver of premiums.*— If the insured * * * shall furnish due proof * * * that he * * * from any cause whatsoever shall become permanently disabled or physically or mentally incapacitated to such an extent that he * * * is rendered wholly and permanently unable to engage in any occupation * * * the company upon receipt of such proof will waive the payment of each premium * * * during such disability * * *.

" *Monthly income to the insured.*— * * * the company will, in addition to such waiver, pay to the insured monthly * * * the sum of $10. * * * The first monthly payment shall be made six months after the company shall receive such proof and subsequent payments shall be made on the first day of each month thereafter during such disability."

About January 6, 1921, while the policy was in force, plaintiff was taken with violent pleurisy pains and expectorations of blood and early pulmonary tuberculosis of the lungs, whereby he became sick and physically incapacitated to work until May 10, 1922, after which time he was able to return to his occupation.

About February 1, 1921, plaintiff presented to defendant proof of his disability and requested defendant, under the provisions of the policy above quoted, to waive payment of the quarterly annual premiums thereafter to become due during his incapacity. This request was refused. Defendant has not paid to plaintiff ten dollars per month under the terms of the policy, though due demand therefor has been made. It is not contended by defendant that there has been any waiver by plaintiff by reason of the payment of premiums, all of which have been paid by him up to the time of the commencement of the action.

On these facts plaintiff asks judgment for $220.65, with interest from May 10, 1922, being the amount of the premiums paid by him during his disability, together with the sum of $10 per month for such time.

Defendant's refusal to waive the premiums and to pay ten dollars a month under the policy is based upon the contention

that plaintiff's disability was not permanent within the terms of the insurance contract. The question is thus squarely presented whether a total disability from tuberculosis which continued for a period of sixteen months is a permanent disability, as the term is used in the contract between the parties. Defendant argues that such disability was not permanent because plaintiff recovered. It takes the position that a disability is not permanent unless it continues during the lifetime of the insured.

Reason and authority require a different conclusion. Usage also indicates otherwise. And so does the policy itself. It may be said, for example, that a person has a permanent position. This does not mean necessarily that it is for life. The word is a relative one and its signification depends upon the subject-matter in connection with which it is employed. As applied to human affairs the term signifies appreciable durability and continuance, as opposed to what is merely transient. A man may have a permanent residence. This does not mean that he must continue to live there during his lifetime. but the word as used is the converse of transient. *Matter of Austen*, 13 App. Div. 247. If a clergyman receives a permanent call to a church, the call is for an indefinite period, not of necessity for his lifetime. 30 Cyc. 1461, n. 8.

Where a city made a large donation of bonds and other properties to a railroad upon the condition that it " permanently establish its eastern terminus " at such city, that did not mean that the terminus should forever remain there, but that the railroad should establish its terminus there in the ordinary course of business with the purpose that it should be permanent. *Texas, etc., Railway Co.* v. *Marshall*, 136 U. S. 393. There it appeared that the terminus had been established and operated at the city of Marshall for a period of eight years. Of this the court says: " This was the establishment at that point of the things contracted for in the agreement. It was the fair meaning of the words ' permanent establishment,' as there was no intention at the time of removing or abandoning them. The word ' permanent ' does not mean ' forever,' or lasting forever, or existing forever. The language used is to be considered according to its nature and its relation to the subject matter of the contract, and we think that these things were permanently established by the Railroad Company at Marshall."

In *Soule* v. *Soule*, 4 Cal. App. 105, it is held that the word " permanent " is " not the equivalent of ' perpetual ' or ' unending,' or ' lifelong,' or ' unchangeable.' "

Where the issue to be determined was whether the erection of a dam had " permanently " affected and injured the meadows of

the complainants it was held that an injury might be permanent without continuing forever. *Bassett* v. *Johnson*, 2 N. J. Eq. 154. Where a contract provided that in the event of the abandonment or permanent stopping of a manufacturing plant, a note should immediately become due, it was held that the word " permanent " employed in the contract did not mean forever fixed and unchangeable, but was used in contradistinction to the word " temporary." *Castle* v. *Logan*, 140 Fed. Rep. 707.

In 22 American and English Encyclopedia of Law (2d ed.), 698, 699, under notes 4 and 5 it is stated, citing many cases from the courts of various states and England: " An English statute made the deposition of a witness taken under it inadmissible in evidence, unless it should appear to the satisfaction of the judge that the deponent was unable from *permanent* sickness or other *permanent* infirmity to attend the trial. It was held that the word permanent, as thus used, was not limited to incurable sickness, but imported such a state of disability as to preclude the hope that the deponent would be able to attend in any reasonable time."

If there is any uncertainty as to whether certain words are used in an enlarged or restricted sense, that construction should be adopted which is beneficial to the insured, because the insurer is responsible for the language employed. *Paul* v. *Travelers' Ins. Co.*, 112 N. Y. 477; *Marshall* v. *Com. Travelers' Acc. Assn.*, 170 id. 434.

It may also be noted that several representative insurance companies, recognizing the desirability of having in their policies a clear definition of what may be considered a permanent disability, have incorporated therein a clause providing that disability continuing for a specified period shall be considered permanent. These periods vary from ninety days to one year, or perhaps longer. While this is not controlling in the case at bar, it shows the trend of insurers to recognize the necessity of a just and reasonable interpretation of the word " permanent."

The very policy involved here negatives defendant's contention that a disability to be permanent must continue forever. The clauses of the policy last quoted provide that the waiver of the premiums shall continue " during such disability," and that the income of ten dollars per month shall be paid only " during such disability." It is futile, in the face of these provisions, for defendant to contend that it used the word " permanent " in the sense of continuing during the lifetime of the insured. Likewise the policy in the last clause quoted provides that the payments of ten dollars per month for permanent disability shall commence six months

after the company shall receive proof thereof. The natural, if not the only, meaning of this language is that a disability of six months is permanent. The insured was justified in so understanding it.

Defendant's refusal to abide by the clear meaning of the language it has chosen to adopt is without justification. The disability of the plaintiff was permanent within the fair intendment of the policy. He is, therefore, entitled to recover of defendant the amount demanded in the complaint.

Judgment accordingly.