MARTIN CATTS, Respondent, *v.* FRANK C. HARFT, Appellant.

Supreme Court, Appellate Term, First Department, February 27, 1925.

**Attorney and client — action for services arising on contingent fee contract to prosecute litigation for defendant — plaintiff failed to show that he rendered any service of value to client — judgment reversed.**

An attorney cannot recover for services rendered in the prosecution of an action under a contingent fee contract whereby he agreed to pay all costs and disbursements, where it appears that as the result of a motion by him to vacate an order directing his client, a non-resident, to give security for costs, which motion he made notwithstanding that he knew the order would not be vacated in view of the non-residence of his client, his client was unnecessarily compelled to pay the costs of the motion, including the costs of a reference ordered thereon, since there is nothing to show that the attorney rendered any service of value to his client, but on the contrary subjected him to the payment of costs.

APPEAL by the defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of the plaintiff, after trial by the court without a jury.

*McReynolds & Hunter [Frederick C. Hunter* of counsel], for the appellant.

*Martin Catts,* respondent in person.

PER CURIAM:

Plaintiff had judgment in an action for lawyer's services. He made a contract with the defendant to prosecute certain litigation in the Supreme Court of New York county on a contingent fee, the lawyer agreeing to pay all costs and disbursements. The defendant in the Supreme Court obtained an order requiring the plaintiff there to give security for costs on the ground that he was

a non-resident. The present plaintiff moved to vacate that order and a reference was ordered to determine the residence of Mr. Harft. The referee reported adversely to Mr. Harft. The referee's fees were not paid, the bond was not filed and the action was dismissed and a judgment for costs entered against Mr. Harft.

At the time the order for security was obtained Mr. Harft was living as a neighbor of the present plaintiff at Demarest, N. J. He had been a stockholder and lessee in a co-operative apartment in New York city and an arrangement had then been consummated in his behalf by the plaintiff herein himself to surrender the lease. The plaintiff concededly knew that Harft had no then place of abode in New York city and was actually resident in New Jersey. He was indisputably a non-resident and the plaintiff should have known it. (*Flaherty* v. *Cary*, 25 App. Div. 195; *Gilbert* v. *Gilbert*, 2 Paige, 603.) The conceded facts support no other possible inference than that the plaintiff resisted the order to give security for costs only because the expense of that undertaking and the risk thereof would have fallen upon him under his contract with his client. The obligation to pay the judgment for costs was surely upon him and yet upon the application to dismiss for failure to pay the costs, he filed an affidavit stating that he knew " of no valid defense to the defendant's motion herein." He rendered no service of any value to the defendant, but, on the contrary, imposed upon the defendant liability for costs to the amount of $161.91, which he was compelled to pay.

Judgment reversed, with $30 costs to the appellant, and judgment directed for the defendant dismissing the plaintiff's complaint on the merits and upon his counterclaim for $161.91, with interest from January 26, 1924, and costs.

All concur; present, GUY, McCOOK and PROSKAUER, JJ.