VOLNEY CARSON EASTEP, APPELLEE, v. NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, APPELLANT.

FILED APRIL 9, 1926. No. 24895.

1. Appeal: FINDINGS BY COURT. After the evidence was submitted in a law action, the opposing parties each moved for a directed verdict. The motion was sustained. Thereupon the jury was discharged and the court rendered its judgment. In such case it is elementary that the findings of fact by the court are equivalent to a verdict by a jury.

2. Insurance: JUDGMENT. Evidence examined, and *held* that, under the insurance policy in suit, and the submitted facts, the court did not err in rendering a judgment in favor of plaintiff, in the sum of $2,000 and interest, nor did the court err in overruling plaintiff's motion to increase the amount of the judgment in the sum of $500 with interest.

3. ———: INCAPACITY. The injured, under a life and accident insurance policy, received a personal injury which fractured both bones of one of his legs in such manner that the ends of the fractured bones protruded through the flesh and the skin. Failing to secure a union of the bones, the leg was amputated about five inches below the knee, which rendered the insured incapable of "following any gainful occupation" for a period of four years. *Held,* that, in view of the facts, insured came within the terms of the policy and was entitled to recover thereon.

4. ———: ACCIDENT POLICY: CONSTRUCTION. "The several provisions contained in an accident insurance policy will be given a practical and rational construction, one consistent with reason and common fairness, and with a view to avoiding, rather than enforcing, a forfeiture, if the terms of the instrument will fairly and justly permit it." *Rathbun v. Globe Indemnity Co.*, 107 Neb. 18.

5. ———: ———: ———. "Where the language of a special provision in an accident insurance policy is susceptible of but one construction, and that construction inevitably leads to an unreasonable or absurd result and substantially defeats the object and the purpose of the entire contract, such provision will be rejected as inoperative, and, ignoring the same, the court will look to the whole instrument and gather therefrom the manifest intention and purpose of the parties and adjudicate accordingly." *Rathbun v. Globe Indemnity Co.*, 107 Neb. 18.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Sears, Horan & Shaw, E. D. Crites* and *F. A. Crites,* for appellant.

*Samuel L. O'Brien* and *Allen G. Fisher, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

This action was begun in Dawes county to recover five annual disability instalments, of $500 each, on a life and accident insurance policy. The action grew out of a personal injury accident which befell plaintiff in 1919, near Wilsall, Montana, where he then resided with his wife and six minor children. When the evidence was submitted plaintiff and defendant each moved for an instructed verdict. The motions were sustained. The court thereupon rendered its judgment wherein plaintiff prevailed in part only and recovered judgment for $2,000, with interest. Plaintiff filed a cross-appeal. Defendant appealed generally.

The following material facts are disclosed by the record.

Sometime in the latter half of 1919, plaintiff was violently thrown from a horse and fell with such force that his right leg was broken between the ankle and the knee and the impact was such that both broken bones protruded through the flesh and the skin.   For this injury to his limb plaintiff was treated by physicians for about four years.   He was a patient at several hospitals, twice at Mayo's, at Rochester, Minnesota, in an effort to save his fractured leg.   The effort was fruitless and, sometime in the latter part of 1923, having found no relief, plaintiff, under professional advice, had his leg amputated about five inches below the knee.   During all this several year period, pain was constantly present and an offensive discharge from the region of the broken bones was continuous.

The insurance policy contains the following provisions:

"If the insured, while less than sixty years of age, and while this policy is in full force and effect, shall become totally and permanently disabled as hereinafter provided, the company will waive the payment of future premiums and will also pay annually to the insured an income of one-tenth of the face amount of the policy, in addition to paying the face amount at death or maturity, subject to the following conditions and provisions:

"(a)   The insured shall furnish due proof to the company at its home office that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be thereby permanently, continuously and wholly prevented from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability has then existed for not less than sixty days.

"(b)   Commencing with the premium due next succeeding the receipt of such proof, the company will waive payment of each premium as it thereafter becomes due; and six months after receipt of said proof the company will begin to pay an annual income of one-tenth of the face amount of the policy and continue to pay the same during such total and permanent disability until the death of the

insured or the maturity of the policy as an endowment (if carried on the accelerative endowment dividend plan), when the full amount of the policy shall be paid in accordance with its terms without deduction for any income payments or premiums waived. If there is any indebtedness on this policy the interest thereon shall be deducted from each income payment.

"(c)   The company may at any time, but not more frequently than once a year, require proof of the continuance of such disability and if the insured fails to furnish such proof or if it appears that the insured is no longer wholly disabled as heretofore provided, no further premiums shall be waived and no further income shall be paid.

"(d)   It is agreed that the entire and irrecoverable loss of the sight of both eyes or the severance of both entire hands or both entire feet, or of one entire hand and one entire foot, shall be considered total and permanent disability without prejudice to any other cause of disability."

Defendant devotes much the greater part of its brief to the proposition that the above quoted subdivision "d" prevents defendant from coming within the protective provisions of the policy and cites authorities in support of its argument.

But the action is not based on an injury to plaintiff's foot.   When he was thrown violently from his horse to the ground, as above noted, the bones of his right leg were so broken that the fractured ends protruded through the flesh and the skin.   And the result of this injury to the bones was continuous and unremitting from thence until the leg was amputated about five inches below the knee. Throughout the years the bones were scraped and treated in an effort to cause a union of the fractured parts, but without avail.   In view of the proven facts will it be seriously contended that the amputation of the fractured bones of the right leg, five inches below the knee, was an amputation of the right foot?   Clearly not.   It was the broken bones of the right leg that caused plaintiff's incapability to labor.

Defendant cites *Buckner v. Jefferson Standard Life Ins. Co.*, 172 N. Car. 762, wherein a provision, similar to subdivision "d" herein, was considered. In the *Buckner* case, plaintiff's left hand was severed five inches above the wrist by a moving locomotive. The accident was sudden and the severance was instantaneous. Recovery was denied. The court observed: "It is unfortunate for the plaintiff, but 'it is so nominated in the bond.'" The *Buckner* case is not applicable to the facts here. *Whitton v. American Nat. Ins. Co.*, 17 Ga. App. 525, is cited. In the *Whitton* case plaintiff lost the sight of one eye while the policy provided for loss of the sight of both eyes. Recovery was therefore denied. Clearly, this citation is not in point. See *Jones v. Fidelity & Casualty Co.*, 207 N. W. (Minn.) 179; *Lobdill v. Laboring Men's Mut. Aid Ass'n*, 69 Minn. 14.

Counsel finally argues that the business of life insurance has been so developed that "each policy is a plain and simple problem in mathematics." Is it nothing more than a simple problem in mathematics? Plaintiff paid the insurer in good faith and he should not now, in his extremity, be deprived of that for which he paid. In *Rathbun v. Globe Indemnity Co.*, 107 Neb. 18, we said:

"The several provisions contained in an accident insurance. policy will be given a practical and rational construction, one consistent with reason and common fairness, and with a view to avoiding, rather than enforcing, a forfeiture, if the terms of the instrument will fairly and justly permit it.

"Where the language of a special provision in an accident insurance policy is susceptible of but one construction, and that construction inevitably leads to an unreasonable or absurd result and substantially defeats the object and purpose of the entire contract, such provision will be rejected as inoperative, and, ignoring the same, the court will look to the whole instrument and gather therefrom the manifest intention and purpose of the parties and adjudicate accordingly."

The petition is based on the theory that plaintiff, by rea-

son of the injury, became totally and permanently disabled. He therefore sought to recover $500 a year for a period of five years under the terms of the policy. The judgment for $2,000 was for a four year period but the court denied recovery for the fifth year upon the theory that the plaintiff was no longer suffering a total permanent disability. Our decision must, of course, be based on a proper construction of the terms of the policy and the evidence. And it may be added that the evidence conflicts on practically every material question involved in the case.

It will be observed that the contract does not in direct terms contain provisions for the payment of any benefits for disability unless the disability is a total permanent disability. However, subdivision "d" of the policy, above quoted, fairly construed recognizes the possibility of a total disability other than those enumerated in the policy. After reciting that the loss of both eyes, hands and feet shall be regarded as total permanent disability these words are added, namely, "without prejudice to any other cause of disability." It appears that, if a person under the policy should be stricken by an incurable disease which rendered him incapable of engaging in a "gainful occupation" the company would be liable under a foregoing provision of the contract. The agreement that certain conditions would amount to a total permanent disability does not preclude other causes. This question is then presented, namely, does the loss of a leg, as in the present case, which resulted in a total disability for a period of four years, constitute a total permanent disability as contemplated by the policy. Subdivision "c" above quoted indicates that cases might arise where a person was entitled to recover under the general provisions of the policy for a limited time because it is provided in that subdivision that the company might require proof of the continuance of the disability and that if it appears that the insured is no longer wholly disabled that "no further premiums shall be waived and no further income shall be paid." It is elementary that, in the construction of a contract, the instrument must be construed as a

whole giving force and effect to all of the provisions of the contract. *Advance-Rumely Thresher Co. v. Bartzat, ante,* p. 35. The policy, when so construed, seems to support the proposition that the company was to pay one-tenth of the face of the policy annually in case of a total permanent disability, but in the event that what was once regarded as a total permanent disability should prove to be a total temporary disability the provision of the policy should be construed to render the company liable for that period only. Any other construction would eliminate the provision of subdivision "c" which is above quoted.

Each of the parties, at the close of the evidence, having moved for an instructed verdict, as hereinbefore observed, the judgment, in respect of disputed facts, under the long familiar and oft repeated rule, has the force and effect of a verdict by a jury. In the performance of his duty in the premises the court found generally that plaintiff, at the time of his bodily injury, became totally and permanently disabled, and so remained continuously and was thereby wholly prevented from doing any work for compensation, gain or profit, or from following any gainful occupation; that plaintiff furnished proof thereof to the defendant within the time required under the policy; that, commencing with the premium due next succeeding the receipt of such proof, under the terms of the policy the payment of premiums, as they thereafter became due, were waived; that six months after the receipt of the proof of loss, to wit: "On the 30th day of February, A. D. 1921, the defendant became liable for the payment of an annual income in the sum of $500, being one-tenth of the face amount of the policy, pending such total and permanent disability, but that said permanent and total disability terminated on said 15th day of April, 1924, the same being the date of the acquirement by plaintiff of his artificial limb."

Thereupon the court, as above pointed out, rendered its judgment in favor of plaintiff in the sum of $2,000 with interest. Notwithstanding the conflict in the evidence, the

judgment throughout is amply sustained thereby. The court further found and ordered that an attorney's fee of $400 should be, and it thereby was, taxed as costs against the plaintiff.

Plaintiff's motion that the court increase his recovery in the additional sum of $500 seems to us to be without substantial merit. We therefore conclude that the court did not err in denying the motion.

Reversible error has not been shown. The judgment of the district court, attorney's fee included, is therefore in all things

AFFIRMED.