654

No. 29,517.

ADOLPH LAURENCE MARESH, *Appellee*, v. THE PEORIA LIFE
INSURANCE COMPANY, *Appellant*.

(3 P. 2d 634.)

 Opinion filed
October 10, 1931. (For original opinion of affirmance, see *ante*, p. 191, 299 Pac.
934.)

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove,*
all of Topeka, *Gilbert H. Frith, C. V. Beck,* both of Emporia, and *J. B. Wol-*
*fenbarger,* of Peoria, Ill., for the appellant.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Virgil V. Scholes, Mar-*
*garet McGurnaghan,* all of Topeka, *O. T. Atherton* and *E. H. Rees,* both of
Emporia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The insurance company moves for modification of
the opinion heretofore filed in this case (*Maresh v. Peoria Life Ins.
Co.,* 133 Kan. 191, 299 Pac. 934). The court is requested to delete
various references to the fact of permanent disability, pleaded in
the petition, established by the evidence and found by the jury, as
not within the issues, and particularly to strike out the statement
that an affirmed judgment is conclusive upon the subject of perma-
nent disability. In support of the motion defendant makes the
following statements:

"It [the judgment] involves the question of whether Maresh was totally
and permanently disabled within the terms of the policy within the period
from August 5, 1927, to December 5, 1928, . . .

"All that the court was called upon to decide in this case, under its own
recognition, and as pleaded by the plaintiff, was that the plaintiff was totally
and permanently disabled during the period of seventeen months after his
injury, . . . The most that should have been said, or could possibly be
said, in consonance with the admittedly recognized terms of the policy, was
that an affirmed judgment is a final determination of the controversy which
was, whether the plaintiff was permanently and totally disabled between
August 5, 1927, and December 5, 1928, the dates covered by the judgment.
. . .

"The proof of that condition [permanent total disability] was in issue only
for the period of August 5, 1927, to December 5, 1928. . . . The ultimate

fact in this suit was permanent total disability for the seventeen months' period for which the money judgment was rendered."

There is no foundation in the record for these statements. They are contrary to the contentions made by defendant in the district court, are contrary to the contentions first made by defendant in this court, and the notion of an issue of disability limited to a period of months only appears for the first time in the petition for modification.

The petition pleaded the policy. Pertinent provisions are printed in the original opinion at page 192 of the cited report. The policy provided that, on satisfactory proof of total permanent disability "as hereinafter defined," the company would pay a monthly income for life. The first payment was to be made immediately on receipt of proof, and subsequent payments were to be made on the first day of each month thereafter, as long as the insured should live and be totally and permanently disabled, "as hereinafter defined." Total and permanent disability was then defined as disability due to accident or disease such as to prevent the insured "then and at all times thereafter" from performing any work or conducting any business for compensation or profit. The definition covered both totality and permanency. Permanently is the antithesis of temporarily, and permanency for all time may not be turned into permanency for a period of seventeen months, or for any other period less than life.

Concerning the subject of permanent disability, the petition alleged that by accident plaintiff was permanently and totally disabled, and under the terms of the policy was entitled to a monthly income from the company; that after plaintiff had ascertained he was permanently totally disabled, he made due proof of his total permanent disability; and that notwithstanding plaintiff was and is permanently totally disabled, the company failed to pay plaintiff as a monthly income one per cent of the face of the policy. The petition then alleged that under the provisions of the policy in regard to permanent disability, there was due plaintiff sums with interest for a list of months covering the period August 5, 1927, to December 5, 1928. The petition then contained the following:

"That by reason of the foregoing facts, there is due from the defendant to the plaintiff on account of the monthly indemnity due him under the terms of said policy, the sum of seventeen hundred seventy-six and 56/100 dollars ($1,776.56) with interest from the 10th day of December, 1928, at the rate of six per cent per annum, . . ."

Defendant's answer with respect to permanency of disability was a general denial.

Plaintiff's proof was not that he was totally disabled for seventeen months, but that he was totally disabled permanently.

Defendant requested the court to give certain instructions to the jury which disclosed defendant's construction of the policy and conception of the issue concerning permanency of disability. Three of the requested instructions follow:

"2. You are instructed that the contract of insurance sued on does not provide for the payment of an indemnity for loss of time or wages due to bodily injuries or disease, nor for temporary total disability, nor for partial disability, whether temporary or permanent, but only provides for the payment of a monthly income in case the insured, due to bodily injuries or disease, shall become both totally and permanently disabled, and will be both totally and permanently disabled for the remainder of his life.

"3. You are instructed that the burden of proof in this case is upon the plaintiff, and it is incumbent upon him to show by the greater weight of the evidence that he is both totally and permanently disabled in accordance with the definition of total and permanent disability contained in the policy or contract of insurance sued on, and if plaintiff fails to show by the greater weight of evidence that he is both totally and permanently disabled as defined in the policy of insurance sued on, and will be both totally and permanently disabled during the remainder of his life, your verdict should be for the defendant.

"4. You are instructed . . . that the policy only provides for the payment of the monthly income in case the plaintiff, due to bodily injuries or disease, becomes both totally and permanently disabled so that by reason of such injuries or disease he is prevented from performing any work or conducting any business for compensation or profit, and will be so prevented from performing any work or conducting any business for compensation or profit so long as he may live, and unless you should so find, your verdict should be for the defendant."

In defendant's original brief it was contended these instructions were correct and should have been given. The district court in fact adopted defendant's interpretation of the term permanent, and instructed the jury accordingly. Instructions 1 and 5 read as follows:

"1. The burden of proof in this case is upon the plaintiff to establish to your satisfaction by a preponderance of the evidence: . . .

"That he received injuries permanently and totally disabling him and such as to prevent him then and at all times thereafter from performing any work or conducting any business for compensation or profit.

"If plaintiff shall establish the above to your satisfaction by a preponderance of the evidence, then and in such event you should find for the plaintiff.

"On the contrary, if plaintiff shall fail to establish to your satisfaction by

a preponderance of the evidence all of the above and foregoing, then, and in such event, you should find for defendant and against plaintiff.

"5. Total disability is any impairment either of body or mind, rendering it impossible for the disabled person to follow gainful occupation.

"Such total disability is permanent whenever it is founded upon conditions which render it certain, established to your satisfaction by a preponderance of the evidence, that it will continue throughout the life of the person suffering from such injuries."

In defendant's original brief instruction No. 1 was approved, and the part of instruction No. 5 defining permanency was approved.

Instruction No. 6 given by the court reads as follows:

"The policy provides that the plaintiff, in order to be entitled to recover, must have received injuries of such a nature as totally and permanently to disable him so as to prevent him then and at all times thereafter from performing any work or conducting any business for compensation or profit.

"You are instructed that the plaintiff is entitled to recover under this provision of the policy if you find that by reason of the injuries sustained by him he has been and is totally and permanently disabled from performing any work or conducting any business for compensation or profit."

In defendant's original brief this instruction was criticized as follows:

"In instruction No. 6 the court in the first paragraph again clearly defines total and permanent disability in the policy, and then when he instructs the jury as to what they should do, confines it to the present; that is, he told the jury in substance that if the appellee 'is totally and permanently disabled from performing any work or conducting any business for compensation or profit,' that is now, then he could recover."

Instruction No. 9 given by the court reads as follows:

"Under the testimony in this case, a question for you to determine is whether the plaintiff was and is totally and permanently disabled. There is no contention that the plaintiff was not injured at the time, nor is there any contention but that such injuries did, at the time of the injury complained of, totally incapacitate the plaintiff from performing any work or engaging in any business for compensation or profit. It is contended by the plaintiff that such injuries resulted in permanent and total disability, while the defendant claims that the disability was not permanent and total within the terms of the policy."

In defendant's original brief this instruction and instruction No. 10 are criticized as follows:

"In instruction No. 9 the court states that the question is to determine whether the plaintiff 'was and is' totally and permanently disabled, whereas under the policy he must have the disability 'then and thereafter.' And in instruction No. 10 the court again uses the language of the policy, and then

proceeds to qualify and limit that contract definition of total and permanent disability. He leaves out the important element that it must exist thereafter."

Defendant's original brief states the issue as follows:

"To recover total and permanent disability benefits, the appellee must have suffered such injuries as would prevent him 'then and at all times thereafter from performing any work or conducting any business for compensation or profit.' "

The jury returned the following special finding of fact:

"Special question: Was the insured, as a result of the accident, totally and permanently disabled so as to prevent him, now and at all times hereafter, from performing any work or conducting any business for compensation or profit? A. Yes."

The result of the foregoing is that in an action between plaintiff and the insurance company on the pleaded policy to recover monthly installments of income due and unpaid, permanency of total disability, not for a period of months but for plaintiff's life, was put in issue, the issue was submitted to the jury, and the issue was determined. There was no uncertainty regarding the issue. Existence of total disability, permanent in the sense of continuing, not for some time after the accident but for all time thereafter, was indispensable to recovery. A verdict and judgment in favor of plaintiff depended on that kind of permanency and no other kind, and such permanency was adjudicated.

The petition for modification discusses the proviso of the policy relating to proof of continuance of disability.

This court was obliged to interpret the policy. To do so it was necessary to consider all pertinent provisions, and the provision relating to proof of continuance of "such disability" was encountered. "Such" disability was, as the insurance company contended, total permanent disability, created by the disabling occurrence, and existing then and at all times thereafter. By the terms of the policy the company promised that on receipt of initial satisfactory proof of total permanent disability the company would begin to pay. Notwithstanding acceptance of proof, which, if the promise of the policy were kept, would be followed by payments, the company could call for proof of continuance of disability. If the new proof should not be satisfactory, or if it should appear to the company the insured was able to work, the company would cease paying. The result was, the policy did not provide in clear and unambiguous

terms for total disability continuing indefinitely, and for privilege to test from time to time, and the court made the following statement in the original opinion, which is adhered to:

"The company may accept proof of disability as satisfactory, pay premiums, pay monthly income, await developments, and then call for proof of permanency of disability. Defendant did not do that. It paid nothing, and required plaintiff to establish permanency of disability by proof in court at a trial of the issue." (*Maresh v. Peoria Life Ins. Co.*, ante, pp. 191, 197, 299 Pac. 934.)

Under these circumstances the reservation had no function to perform. The case depended on permanency of disability as defined in the court's instructions, proved at the trial. This court had recognized and discussed the subject of possible fallibility of proof of permanency; but the company had forced the issue, and in order that there might be no doubt of the court's decision the following was added to the portion of the opinion just quoted:

"Courts are established to determine just such issues, the procedure is the ordinary everyday court procedure, the method of review of verdict and judgment is the ordinary everyday method of review, and an affirmed judgment is a final determination of the controversy." (p. 197.)

It is elementary that the language of any judicial decision is to be interpreted as applying to the case under consideration. The court was not deciding a future lawsuit between the same parties, on the same policy, for future installments of income, accruing because of the same accident causing the same permanent total disability; and the court did not have in mind future application of the principles announced in *Stroup v. Pepper*, 69 Kan. 241, 76 Pac. 825, and the numerous subsequent approvals of that decision. This is what the court had in mind: Did permanent total disability mean permanent total disability? If it did, was plaintiff compelled to prove the fact in order to recover anything? If he was, it necessarily followed that he was privileged to produce evidence of the fact, and was privileged to obtain a finding of the fact, if he could. If he produced evidence of the fact, and obtained the finding, and it was finally determined the evidence sustained the finding, the fact was conclusively adjudicated, just as any fact on which the determination of any lawsuit depends may be conclusively adjudicated. If plaintiff had been defeated under a special finding that total disability, continuous from time of accident to time of trial, would not be permanent, the fact would have been conclusively ad-

judicated in the sense of the opinion, even although the evidence on which the finding was based proved to be fallacious, totality did not abate, and plaintiff steadily declined and finally died.

The court also had in mind the conflict of authority respecting interpretation of policies providing for income in case of permanent disability. In the case of *Ginell v. Prudential Ins. Co.*, 196 N. Y. Supp. 337, disability for sixteen months, followed by return to the insured's occupation, was held to be permanent disability, under a policy very similar in substance and effect to the policy here involved, and the opinion by Justice Angell contained an argument based on a provision of the policy relating to payment of income during "such disability." The appellate division affirmed the judgment, but Justice Van Kirk dissented. (200 N. Y. Supp. 261.) The court of appeals of the state of New York adopted the opinion of Justice Van Kirk, and reversed the judgment without opinion of its own. (237 N. Y. 554.) The decision of the New York court of appeals is in accord with decisions in Iowa, Mississippi and Tennessee, and is regarded as sound. In the case of *Penn Mutual Life Ins. Co. v. Milton*, 160 Ga. 168, the court held that disability which lasted for sixteen months only was permanent, and there are decisions in accord by the courts of Nebraska, North Dakota and perhaps other jurisdictions.

In support of its theory of recovery for permanent disability for a limited period only the insurance company cites the case of *United States Fidelity & Guaranty Co. v. McCarthy*, 33 F. (2d) 7 (C. C. A. 8th Cir.). In that case the policy provided for payment of weekly indemnity for "continuous" total disability—not for permanent total disability. The insured had sued for total disability continuous throughout a specified period of time, and had recovered. The petition in the first case pleaded continuous disability "throughout such period of time." The evidence did not go to permanent disability. The instructions recognized the importance of limiting recovery to the pleaded period, and the issue submitted to the jury was continuous disability during the period sued for. The insured recovered for disability continuous during that period. He then sued for indemnity for a subsequent period, and invoked *res judicata*. In the opinion it was said:

"The question litigated was continuous total disability during the period for which recovery was sought. The period of time covered in this case was then in the future. As the burden there was upon appellee to show continuous

total disability for the period involved, the same burden rests upon him to show such continuous total disability for the period here involved, . . ." (p. 11.)

We have no such case here. In this instance plaintiff sued for permanent total disability. Permanence and totality were ultimate facts essential to recovery. He established those facts, and because he did so he recovered.

The petition for modification also contains a petition for rehearing. The ground is misconduct of counsel in argument to the jury. The subject was not discussed in the original opinion. The subject was fully considered, but was not discussed, because the incident was not regarded as of sufficient importance to encumber the opinion with a narrative of the facts. Briefly, defendant made objection to a statement of counsel on the ground the statement conveyed the idea that certain testimony was available to defendant and not to plaintiff. After a colloquy and an instruction by the court to the jury that statements of counsel were not evidence and might be considered only as they might call attention to testimony, counsel withdrew his statement. Counsel then made another statement, not open to the objection which had been made, and no objection was interposed. Apparently counsel for defendant did not at the time regard the second statement as objectionable, and this court is not convinced that it was, for reasons which need not be stated at length here. Besides that the court did not consider that the irregularity, if there was one, was of such gravity that it affirmatively appeared defendant's substantial rights were prejudicially affected.

The petition for modification and for a rehearing is denied.

HARVEY, J. (dissenting): It is my view that the motion to modify should be sustained. The action was on the policy, the pertinent provisions of which are set out in the opinion of the court (*Maresh v. Peoria Life Ins. Co.*, 133 Kan. 191, at pages 192, 193, 299 Pac. 934) and need not be repeated in full here. Briefly, they are that upon proof to the company that the insured is totally and permanently disabled the company will pay for the insured premiums becoming due on the policy "during the continuance of the total and permanent disability of the insured," and also pay to the insured a monthly income "as long as the insured shall live and be totally and permanently disabled." Total and permanent disability

of the insured, within the meaning of the policy, is defined therein as "such as to prevent the insured then and at all times thereafter from performing any work or conducting any business for compensation or profit." This definition is followed by the provision:

". . . provided that, notwithstanding proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, on demand, but not oftener than once in each period of twelve months, furnish proof satisfactory to the company of the continuance of such disability, and if such proof is not furnished, or if it shall appear to the company that the insured is able to perform any work, or to conduct any business for compensation or profit, then the company shall cease to pay or allow the above benefits, and the insured shall immediately resume the payment of premiums hereon."

It seems clear from these provisions that the payments referred to should be made by the company, when, due to bodily injury or disease, the insured is disabled from performing any work or conducting any business for compensation or profit, and the disability is such as is known or recognized by competent physicians as being permanent in character. The wording of the policy makes it clear that even though total and permanent disability is established by proof, the company pays only so long as that condition exists, and that proofs on that question may be required by the defendant each twelve months. In short, the word "permanent," as used in the policy, does not mean absolute permanency. This view appears to have been entertained by plaintiff's council, for in their brief, in arguing that the court was justified in refusing to give instruction No. 1, requested by defendant, it is said:

"This instruction omitted that the permanency of the injury was established when, from all of the facts, it appeared reasonably certain that it would endure during the lifetime of the insured. It overlooked the fact that under the authorities cited the word 'permanent,' as used in the policy, did not have the meaning of absolute permanency."

The issue framed by the pleadings was whether plaintiff was totally and permanently disabled within the terms of the policy. Perhaps it is true that at the trial defendant contended for a stronger interpretation of the term "permanent" than it was entitled to, and that to some extent its contention in that regard got to the jury, notwithstanding the refusal of the court to give some of the instructions it requested. But to my mind this was not done to the extent that all of the provisions of the policy, to the effect that payment should be made only during the continuance of the total and permanent disability, should be wiped out. Neither do I see that the

situation of the company is different because there was a trial on the question of whether or not plaintiff was totally and permanently disabled within the meaning of the policy. It is true that proofs, satisfactory to the company, might have been given it without such a trial, but in any event the company was entitled to such proofs. If the proofs furnished directly to the company by the insured were deemed inadequate to establish that fact, the appropriate way for it to be established was by an action such as was brought.

Unquestionably the plaintiff sustained serious bodily injuries which totally incapacitated him, for some months at least, from performing any work or conducting any business for compensation or profit. It would seem that he could have furnished proofs of that fact which should have been satisfactory to the company without a trial. Perhaps he did so, and this action should not have been necessary. But that is hardly a question before us. Plaintiff is still a young man, with a fair education, and of good habits. At the time of the trial his condition had greatly improved, both in his general health and in the specific injuries which he had received. He had gained materially in weight, was able to drive an automobile from his home in the country to town and back, and to do some other things which tended to show that he might become able to perform some substantial work or conduct some recognized business for compensation and profit. His natural instincts should prompt him to do so, if he becomes able. Until that time comes, if it does, the company should pay for and to him that which, by its policy, it agreed to pay. On the other hand, should it develop, in say five or twenty-five years from now, that he is thoroughly capable of performing work and conducting business for compensation and profit, it is my judgment that the company should not, because of the trial which has been had in this case, be precluded from showing that fact.

SLOAN, J., joins in this dissent.