[Civ. A. No. 292. Appellate Department, Superior Court, City and County of San Francisco.—May 10, 1933.]

JOHN V. JOB, Appellant, v. THE EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Respondent.

(2 Cal. Supp. 68.)

Samuel M. Samter for Appellant.

Knight, Boland & Riordan for Respondent.

GOODELL, J.—The action was brought by plaintiff as the holder of a life insurance policy issued by the defendant, containing a provision for disability benefits under which plaintiff made claim for $250 on account of disability for a period of five months at the rate of $50 per month.

The paragraph of the policy upon which plaintiff's claim is based is as follows:

"Whenever the Company shall receive due proof . . . that the insured has become totally disabled by bodily injury or disease . . . so that he will thereby be permanently, wholly and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than 60 days, the Company will thereupon grant the following benefits" (naming them).

The agreed statement shows that at all the times in question the plaintiff was in good standing; that on August 10, 1931, he became totally disabled by a serious tubercular ailment, which disability continued for five months. During that time plaintiff was operated upon and was "wholly and continuously prevented from engaging in any occupation whatsoever for remuneration or profit". After sixty days of disability plaintiff gave notice and proof to the company. The form upon which this proof was made contained the question, "7. Is disability likely to increase? If not, what is the prognosis?" This was answered by plaintiff's physician as follows: "Should be a guarded prognosis." To the question, "8. (b) When is he likely to be able to perform work of some kind?" plaintiff's physician answered: "Not for some months." The claim was for a disability lasting from August 19, 1931, to January 20, 1932, and this suit was brought thereon on April 6, 1932.

There is no case in this state construing a clause such as that quoted or telling what "permanent" means in such a policy. The appellant relies upon *Bagnall* v. *Travelers Ins. Co.*, 111 Cal. App. 714 [296 Pac. 106, 107], and upon *Penn Mutual Life Ins. Co.* v. *Milton*, 160 Ga. 168 [127 S. E. 140, 40 A. L. R. 1382].

The Bagnall case is not in point. In that case there was a provision in the policy that "Pending due proof of a claim . . . that an existing total disability will be perma-

nent and continue for life," certain payments would be made to the insured. It was to collect those payments that the suit was brought. The case does not bear upon the question before us.

The case at bar was commenced after the period of disability—claimed to be permanent—had ended. In *Penn Mutual Life Ins. Co.* v. *Milton, supra,* the question presented was thus stated by the court: "Could a disability which had lasted for only sixteen months, and from which the insured then recovered be a 'permanent disability' within the meaning of these clauses of the policy?" The Supreme Court of Georgia in answering that question in the affirmative conceded that "Permanent is the antithesis of temporary", but held that "the fair construction of these words is, not that the total disability shall last or exist forever, but that a disability which existed continuously for no less than sixty days prior to the furnishing of proof is, within the meaning of the policy, a permanent disability". The disability clause in the Penn Mutual policy and in the policy now in question are substantially the same.

There can be no doubt that *Penn Mutual Life Ins. Co.* v. *Milton, supra,* holds that the sixty-day provision modifies and changes the ordinary meaning of "permanent", but the weight of authority is opposed to that view. The authorities are not harmonious. The Bagnall case, *supra,* at page 717 of 111 Cal. App., points this out, and cites cases on both sides of the question, notably *Penn Mutual Life Ins. Co.* v. *Milton, supra,* just discussed, and *Ginell* v. *Prudential Ins. Co.* The Ginell case is one of the leading cases on the subject. This case first appears in 119 Misc. Rep. 467 [196 N. Y. Supp. 337], where the Supreme Court of New York, trial term, held that total disability from tuberculosis for sixteen months was a "permanent disability". It was taken up to the appellate division, 205 App. Div. 494 [200 N. Y. Supp. 261], and affirmed in an opinion by Judge Hasbrouck, concurred in by Judges Kellogg and Kiley. Judge Van Kirk wrote a dissenting opinion in which Judge Hinman concurred. It was then carried on up to the Court of Appeals (237 N. Y. 554 [143 N. E. 740]), where it was reversed "on dissenting opinion of Van Kirk, J., below", by Judges Hiscock, Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews. The

dissenting opinion of Judge Van Kirk, found at 205 App. Div. 495 [200 N. Y. Supp. 263], therefore authoritatively states the law of the state of New York upon this subject; and a good idea of what the case holds is to be grasped from the concluding sentence of the opinion, viz.: "The learned justice at the trial term cited a number of authorities and illustrations indicating that the word 'permanent' does not always mean 'forever' . . . but he has cited none which indicate that the word 'permanent' sometimes means 'temporary', and in no case was the word 'permanent' given a construction in conflict with its ordinary meaning in the connection used."

The Prudential policy contained a six months', instead of a sixty-day, provision. With respect to this, Justice Van Kirk said in the opinion which ultimately prevailed: "The realization of the benefits is to begin 6 months after the proof is furnished. This is said to indicate that the total disability which continued for 6 months is to be considered permanent disability within the meaning of the policy. There is another view that can be taken of this. Inasmuch as the benefits are to be paid upon proof of disability, there were 6 months allowed as days of grace to confirm the proof before any payments need be made."

The New York rule as enunciated in the Ginell case is expressly approved and followed in the states of Rhode Island, Iowa, Michigan, Kansas, Alabama, Louisiana, Kentucky and Missouri.

*Grenon* v. *Metropolitan Life Ins. Co.*, 52 R. I. 453 [161 Atl. 229], follows the Ginell case and has this to say with respect to the Milton case: "This case has not been generally followed and is fairly open to the criticism that it does not give due weight to the plain language of the policy."

*Hawkins* v. *John Hancock Mutual Life Ins. Co.*, 205 Iowa, 760 [218 N. W. 313], follows the Ginell case and criticises the Eastep case [*Eastep* v. *Northwestern National Life Ins. Co.*], 114 Neb. 505 [208 N. W. 632], as not being well reasoned.

*Brod* v. *Detroit Life Ins. Co.*, 253 Mich. 545 [235 N. W. 248], holds that both *total* and *permanent* disability must coexist, citing and following the Shipp case [*Shipp* v. *Metropolitan Life Ins. Co.*], 146 Miss. 18 [111 So. 453], and the

Ginell case, *supra*. It points out that the policy in question "is not a straight disability contract".

In *Maresh* v. *Peoria Life Ins. Co.*, 133 Kan. 654, 660 [3 Pac. (2d) 634, 637], it is said: "The decision of the New York court of appeals is in accord with decisions in Iowa, Mississippi, and Tennessee, and is regarded as sound." It then points out that the courts of Nebraska, North Dakota, "and perhaps other jurisdictions" are in accord with the Milton case. This reference is undoubtedly to *Wenstrom* v. *Aetna Life Ins. Co.*, 55 N. D. 647 [215 N. W. 93, 54 A. L. R. 289], and *Eastep* v. *Northwestern National Life Ins. Co.*, 114 Neb. 505 [208 N. W. 632].

The Ginell case is followed in the municipal court case of *Corbett* v. *Phoenix Mutual Life Ins. Co.*, 144 Misc. 872 [259 N. Y. Supp. 221].

*Metropolitan Life Ins. Co.* v. *Blue*, 222 Ala. 665, 668 [133 So. 707, 710, 79 A. L. R. 852], has this to say with respect to the time provision (three months there, sixty days here): "So, the provisions mentioned are properly construed as affording a reasonable time to ascertain whether the disability is 'total and permanent' and to keep open the question if after events disclose that it was not in fact permanent, but only reasonably appeared so to be" (citing the Ginell case and many others).

*Lewis* v. *Metropolitan Life Ins. Co.*, (Court of Appeal, Louisiana, 1932) 142 So. 262, 265, has this to say in commendation of the Ginell case: "This opinion, according to our judgment, contains unanswerable logic and reasoning. It has been adopted by insurance text-writers as the leading authority on this important question."

See, also, *Mutual Life Ins. Co.* v. *Wheatley*, 243 Ky. 69 [47 S. W. (2d) 961], and *Paul* v. *Missouri State Life Ins. Co.*, (Kansas City Court of Appeal) 52 S. W. (2d) 437, both of which cite the Ginell case.

In the Dietlin case (*Dietlin* v. *Missouri State Life Ins. Co.*, 126 Cal. App. 15 [14 Pac. (2d) 331, 15 Pac. (2d) 188]), there was a time clause which provided that where a total disability existed for not less than three months it was presumed to be permanent. In *Penn Mutual Life Ins. Co.* v. *Milton, supra,* the court construed the sixty-day clause as if the policy contained this presumption, and the appellant in the case at bar seeks to have plaintiff's policy

so construed. As said in *Paul* v. *Missouri State Life Ins. Co., supra,* "There is nothing in the six months clause indicating that, should the disability continue for six months, it should be conclusively presumed to be permanent"; and we are satisfied, as already stated, that the weight of authority is on the side of the New York rule.

There are cases in addition to those already discussed, in line with the New York rule, notably *Shipp* v. *Metropolitan Life Ins. Co.,* 146 Miss. 18 [111 So. 453], but it is unnecessary to cite them.

■ We are satisfied that as plaintiff's total disability had terminated before the bringing of this action, it could not be said to be a permanent disability within the meaning of the policy. The judgment in our opinion, was correct and should be affirmed.

Johnson, P. J., and Conlan, J., concurred.