THE NATIONAL WALL PAPER COMPANY, Respondent, *v.* THE ASSOCIATED MANUFACTURERS' MUTUAL FIRE INSURANCE CORPORATION, Appellant.

INSURANCE (FIRE) — PROOFS OF LOSS, SERVICE OF. A provision of a fire insurance policy requiring proofs of loss, in case of fire, to be served. "within sixty days after the fire" means that the proofs of loss should be served within sixty days after the fire has terminated, or abated to such an extent that an inspection of the property damaged may be had.

*Nat. Wall Paper Co.* v. *A. M. M. Fire Ins. Co.*, 73 App. Div. 627, affirmed.

(Submitted May 11, 1903; decided June 2, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1902, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald C. Shenstone* for appellant. The plaintiff cannot recover because its proof of loss was not served upon the defendant within sixty days after the fire. (*P. P. G. Co.* v. *S. G. Ins. Co.*, 189 Penn. St. 255; *Wilcox* v. *Wood*, 9 Wend. 349; *Robinson* v. *Grannis*, 67 N. Y. S. R. 25; *Dwight* v. *Cutting*, 91 Hun, 38; *Richardson* v. *H. F. J. Co.*, 149 N. Y. 307; *Dunham* v. *Dey*, 13 Johns. 40; *Dunham* v. *Gould*, 16 Johns. 367; *Security Bank* v. *B. of R.*, 67 N. Y. 458; *Miller* v. *Burke*, 68 N. Y. 615; *C. E. Bank* v. *Nassau Bank*, 91 N. Y. 74.) The sixty days within which plaintiff must

serve its proof of loss began to run from the time the fire started, without regard to how many days the fire continued, or how many days the ruins smoked and smoldered. (*A. Ins. Co.* v. *Little*, 20 Ill. App. 431.)

*Moses Weinman* and *Abraham Benedict* for respondent. The requirement of the policy, that proofs of loss shall be served by the insured "within sixty days after the fire," refers to the end and not to the beginning of the fire. (*Hoffman* v. *A. F. Ins. Co.*, 32 N. Y. 412; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 421; *Paul* v. *T. Ins. Co.*, 112 N. Y. 472; *Dechert* v. *M. E. L. Co.*, 39 App. Div. 490; *Marshall* v. *C. T. Ins. Co.*, 170 N. Y. 434; *Michael* v. *P. Nat. Ins. Co.*, 171 N. Y. 25; *Trippe* v. *P. F. Society*, 140 N. Y. 23; *Paltrovitch* v. *P. Ins. Co.*, 143 N. Y. 73; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349; *McMaster* v. *President, etc.*, 55 N. Y. 222.)

HAIGHT, J.   This action was brought to recover upon a fire insurance policy issued by the defendant upon the contents of the plaintiff's store in Pittsburg, Pa.   The policy ran from noon of November 12th, 1897, to noon of November 12th, 1898.   The fire from which the plaintiff suffered loss commenced 12:40 P. M., February 18th, 1898, and resulted in a total destruction of the plaintiff's store and contents.   The proofs of loss were served upon the defendant at 11:40 A. M. April 20th, 1898.   The defense interposed was to the effect that the proofs of loss were not served "within sixty days after the fire," the time required by the policy.

Upon the trial evidence was given on behalf of the plaintiff to the effect that while the fire broke out shortly after noon on the 18th of February it continued to burn until the 21st, at which time there was still a considerable blaze ten or fifteen feet in height.   At the conclusion of the plaintiff's evidence the defendant's attorney moved for a dismissal of the complaint upon the ground that the plaintiff had failed to make out a cause of action, claiming that as matter of law the

policy meant within sixty days after the commencement of the fire. The court denied the defendant's motion, remarking, " I don't think that is so. The proofs of loss are to be submitted within sixty days after the fire. I don't think that meant sixty days after the fire started." The plaintiff's counsel then moved for a direction of a verdict in his favor, and thereupon it was stipulated that the interest upon the plaintiff's claim is correctly computed at $410.44, and that the total amount was $2,393.28. To this the court remarked to the effect that a verdict could not be directed for the plaintiff if the defendant wished to go to the jury. Thereupon the defendant's counsel again asked the court to direct a verdict in his favor, and then the court directed a verdict in favor of the plaintiff for the amount agreed upon. It thus appears that the evidence submitted as to the duration of the fire was, by the action of the attorneys, submitted to the court for its determination, and a verdict having been directed in favor of the plaintiff, that question of fact must be deemed to have been determined in its favor. (*Kirtz* v. *Peck*, 112 N. Y. 222; *Sutter* v. *Vanderveer*, 122 N. Y. 652; *Reck* v. *Phenix Ins. Co.*, 130 N. Y. 160.)

The question, therefore, brought up for review is as to the meaning of the policy. The provision is, as we have seen, " within sixty days after the fire." Does this mean within sixty days after the fire commenced, or does it mean within sixty days after the fire had ceased to burn ? It is common experience, and a well-known fact, that fires in warehouses and large buildings filled with property may continue to burn for several days, and that during that time the insured cannot determine whether his property has been or will be totally or only partially destroyed. Until the fire abates, or is ended, his access to the premises may be impossible, and in consequence he may be unable to learn the precise extent of his loss. We think, therefore, that the fair and reasonable interpretation of the provision is that the proofs of loss should be served within sixty days after the fire has terminated, or abated to such an extent that an inspection of the property

damaged may be had. In this case, as we have seen, the fire was still blazing on the twenty-first of February. A careful inspection of the property could not well have been made prior to that time. The proofs of loss were served concededly within sixty days after that time, and consequently we conclude that the service was within the time required by the policy.

Some objections were interposed by the defendant and exceptions taken to the rulings of the court, permitting witnesses to testify as to the value of the property destroyed; but in view of the stipulation of the attorneys at the conclusion of the evidence as to the amount of the plaintiff's claim, we do not deem it necessary to discuss these questions. We find no error that requires a new trial.

The judgment should be affirmed, with costs.

Parker, Ch. J., Bartlett, Martin, Vann, Cullen and Werner, JJ., concur.

Judgment affirmed.