## HUSE & LOOMIS ICE & TRANSPORTATION CO. v. WIELAR.

### (Supreme Court, Appellate Term. January 7, 1904.)

1. FIRE INSURANCE—PROOFS OF LOSS—TIME.

     A mailing of proofs of loss on the· sixtieth day after the fire is not a compliance with a condition of the policy requiring proofs within 60 days.

2. PLEADING—AMENDMENT—PREJUDICE.

     Where plaintiff alleged performance of all the conditions of a fire insurance policy, it being essential, to establish a cause of action, to prove performance, an amendment to the answer stating that proofs of loss had not been received within 60 days, as required by the policy, was not essential to the defense, and its allowance was not prejudicial to plaintiff.

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

     When the fact desired to be proved by alleged newly discovered evidence was known to plaintiff, and within his reach, before and at the trial, and was of vital importance to his recovery, he was not entitled to a new trial.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Huse & Loomis Ice & Transportation Company against Joseph Wielar. From a judgment dismissing the complaint, and from an order denying a new trial for newly discovered evidence, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Menken Bros. (Percival S. Menken, of counsel), for appellant.

Abram I. Elkus (Joseph M. Proskauer, of counsel), for respondent.

GREENBAUM, J. This was an action to recover a loss upon a fire insurance policy. Among other grounds that defendant relied upon was plaintiff's omission to render a proof of loss within 60 days after the fire. Plaintiff's sole witness testified that the fire occurred on October 2, 1896, and that the proof of loss was mailed on December 2, 1896, in the city of Chicago, addressed to the defendant, in New York City. A mailing on the sixtieth day after the occurrence of the fire was not a compliance with the condition of the policy as to the rendition of proof of loss, and no recovery may, therefore, be had. Peabody v. Satterlee, 166 N. Y. 174, 59 N. E. 818, 52 L. R. A. 956.

Plaintiff alleged performance of all the conditions of the policy, as was its duty, in the absence of facts which would have warranted it to plead a waiver or excuse for nonperformance of a condition; and it was incumbent upon it to prove performance. Hence the motion of defendant, made and granted upon the trial, granting leave to amend the answer that the proof of loss had not been received within 60 days, was not essential to defendant's case, and not prejudicial to plantiff.

The court properly dismissed the complaint, and the judgment of the court should not be disturbed.

With respect to plaintiff's motion, made after judgment, for a new trial upon newly discovered evidence, it is apparent that, upon the facts

¶ 3. See New Trial, vol. 37, Cent. Dig. § 206.

disclosed, the appellant had not brought himself within the rule entitling him to the relief desired. Plaintiff's witness Martin, who testified upon the trial, makes affidavit that he recalled after the trial that the fire which occasioned the loss lasted two days, and terminated October 4, 1896; and it is therefore argued that the proofs of loss were served in time, under the decision in The National Wall Paper Company v. Associated Manufacturers' Mutual Fire Insurance Corporation, 175 N. Y. 226, 67 N. E. 440. To permit an opening of the case upon the ground of newly discovered evidence would be in violation of the well-recognized rule that it must appear that the evidence could not, by the exercise of reasonable diligence, have been procured upon the trial. The excuse that the witness failed to recollect the fact of the fire burning until December 4th is of no avail. Hatfield v. Macy, 52 How. Prac. 194. The case had been at issue in a Municipal Court since June, 1897, and the fact now desired to be proved was known to plaintiff and within its reach before and at the trial, and was of vital importance to a recovery.

Judgment and order affirmed, with costs to respondent. All concur.