No. 24,461.

Rosamond Gass, *Appellee,* v. The Commonwealth Casualty Company, *Appellant.*

SYLLABUS BY THE COURT.

1. Health Insurance—*Inadvertent Mistake in Proof—Mistake May Be Corrected.* In making proof of a disease against which the plaintiff was insured, a mistake inadvertently made as to the time the disease was contracted was open to explanation and correction and did not estop her to show the real facts in the case as to when her sickness actually began.

2. Same—*Evidence Sufficient to Show Mistake.* The evidence examined and *held,* to be sufficient to sustain the finding of the trial court that the disease against which she was insured was contracted more than thirty days after the insurance was in force.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed May 12, 1923. Affirmed.

A. M. Ebright, of Wichita, B. R. Leydig, K. M. Geddes, and E. W. Grant, all of El Dorado, for the appellant.

Z. Wetmore, Fred Hinkle and George M. Ashford, all of Wichita, for the appellee.

The opinon of the court was delivered by

JOHNSTON, C. J.:  Rosamond Gass brought this action against the Commonwealth Casualty Company to recover on a policy insuring her against accident and disease or sickness.  The trial resulted in a judgment for plaintiff from which defendant appeals.

The application for insurance was received by the company and the premium paid on July 19, 1921.  The policy was issued and dated July 28, 1921, and among the diseases and sickness insured against was yellow jaundice.  The contract contained the following condition:  "Provided that this insurance shall have been in continuous force for thirty days from its date prior to the contraction of the disease."  Plaintiff was a clerk in the post-office at Wichita and on August 25 she left the office because of menstrual illness which continued for a day.  After her recovery from that illness and on the night of August 27 she became ill and complained of headache and appeared to have an excess of temperature.  A doctor who was called was of the opinion that she had typhoid fever and treated her for a few days.  Then another physician was called who found abdominal pains, high temperature, an accelerated pulse and he too diagnosed it as a case of typhoid, but in a few days symptoms of yellow jaundice appeared, which he said was due to a disease of the gall bladder.  Subsequently an operation was performed, the gall bladder was drained and soon afterwards the evidence of yellow jaundice disappeared.  It is contended that the evidence does not support the judgment in that the illness with which she was afflicted in the beginning was in fact yellow jaundice, and that the disease having been contracted before the expiration of thirty days from the time the insurance was in force she was not entitled to recover.  When the proof of the illness and of a right to insurance was presented by the plaintiff, it contained a recitation that the disease from which she had suffered was yellow jaundice and that she was taken sick on the 25th of August, 1921, which was less than thirty days after the date of the policy.  It is contended that the plaintiff is bound by this recital and that she is not entitled to vary or change it by any excuse or explanation; that it was sworn to and presented and she is estopped to claim the contrary.  Her explanation is that the statement was made out when she was in bed at the hospital recovering from the operation; that her sister filled out the blank from what she had learned from plaintiff and the doctors and made the date the 25th

of August, the date when she was suffering from her menses, instead of that of her second attack and illness.

The principal contention of defendant is that the statements furnished by plaintiff as proofs of sickness and which were made in compliance with the conditions of the policy estop her to assert the contrary and precludes a recovery on her contract of insurance. The statement did not create the liability of the defendant to pay the loss and the mistake in it did not mislead the defendant, or cause it to do or omit the doing of anything by which it might be prejudiced, and therefore the doctrine of estoppel is not applicable. Her statement was admissible as against her for what it was worth, but was not conclusive. It was open to explanation and correction as is any other declaration or admission of a party, and plaintiff was entitled to show the true facts of the case. The evidence given tended to show that there was an error in the statement inadvertently made by her sister who prepared it while the plaintiff was sick and confined to her bed. She was entitled to show the real facts as to when her sickness, against which she was insured, actually began. (*Germania Fire Ins. Co. v. Curran,* 8 Kan. 9; *Wildey v. Shepphard,* 61 Kan. 351, 59 Pac. 651; 14 R. C. L. 1445; Note 44 L. R. A. 846.)

There is the further contention that plaintiff was actually suffering from yellow jaundice for some time before the thirty day period mentioned in the policy had expired. Physicians testified that jaundice exists a considerable time before it becomes manifest in the skin; and that headache, increased pulse rate and fever are symptoms which accompany jaundice. They stated that it is a slowly developing ailment starting deep in the abdomen and that days or weeks may elapse before the yellow color appears in the skin or mucuous membrane; that it is a deposit of bile pigments which are dammed back in the liver and which the blood stream picks up and carries into all the organs of the body and that necessarily it takes some time to effect absorption in the blood and carry it to the surface of the body. The question of fact in the case was whether or not the insurance had been in force for thirty days before she contracted the disease for which insurance was provided. The insurance was applied and paid for on July 19, 1921, and the policy was dated July 28, 1921. It was shown that she was ill with her menses on August 25, 1921. She recovered from this ailment and on August 27 she felt ill again and called a physician who diagnosed her illness as typhoid fever and treated her for about eight days on this theory. The case

was then turned over to another doctor who also held the opinion for a time that it was a case of typhoid. After a few days it was determined that she had yellow jaundice due to a disease of the gall bladder, the focus from which it started. One of the doctors stated that she had gall bladder trouble and that the yellow jaundice appeared after the gall bladder became diseased. Later an operation was performed; the gall bladder drained, whereupon the inflammation subsided and a recovery was had. Another physician said that yellow jaundice arising from a disease of the gall bladder develops slowly in some cases but it does not always do so. Under the testimony it was a question of fact for the trial court to determine when the distinctive disease of yellow jaundice was contracted. There was testimony which tended to show that that disease was contracted more than thirty days after the insurance was in force. The court found that the disease was not contracted within thirty days after the insurance became effective, and we deem the evidence to be sufficient to support the finding.

The judgment is affirmed.