BROD *v.* DETROIT LIFE INSURANCE CO.

1. INSURANCE—CONSTRUCTION OF POLICY.

In action on insurance policy which is not ambiguous, there is no occasion for application of rule that it will be construed most strongly against insurer.

2. SAME—DISABILITY INSURANCE—TOTAL AND PERMANENT DISABILITY COEXISTENT.

Where disability insurance policy by its terms is not straight disability contract, but requires that disability to be compensable shall be both total and permanent, both elements must coexist.

3. SAME.

Temporary total disability, followed by only partial disability, is not within benefits of policy requiring disability to be both total and permanent to be compensable.

4. SAME—PROOF OF TOTAL AND PERMANENT DISABILITY REQUIRED.

Although insured was totally disabled for year he is not entitled to benefits under disability policy requiring proof that disability is total and will presumably be for life, in absence of showing of probable duration of total disability or that such showing had been made in his proof of claim.

Error to Wayne; Richter (Theodore J.), J.   Submitted January 16, 1931.   (Docket No. 155, Calendar No. 35,329.)   Decided February 27, 1931.

Assumpsit by Harry Brod against Detroit Life Insurance Company, a Michigan corporation, on a life insurance policy for disability benefits.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Leon Dreifuss* (*Milton B. Safier,* of counsel), for plaintiff.

As to what constitutes disability within meaning of accident or health policy, see annotation in 38 L R. A. 529; 23 L. R. A. (N. S.) 352; 29 L. R. A. (N. S.) 635; L. R. A. 1917B, 108.

*Butzel, Levin & Winston (Chris M. Youngjohn,* of counsel), for defendant.

FEAD, J. May 7, 1925, defendant issued to plaintiff a life insurance policy, with a supplemental agreement attached, containing the provision:

"After one full year's premium shall have been paid and before default in the payment of any subsequent premium hereon, if the insured under the above numbered policy, prior to attaining the age of sixty years at nearest birthday and while this policy is in full force, shall furnish due proof to the company at its home office, that he has become totally and permanently disabled by bodily injury or disease, so that he is and presumably will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability has then existed continuously for not less than sixty days, the company will grant the following benefits:   *   *   *

"2.   Income to insured:   Six months after the receipt of said due proof of disability, the company will pay to the insured if then living, and such disability still continue—one thousand—dollars and a like sum annually thereafter during the life of the insured and the continuance of his disability."

Plaintiff is manager of a corporation conducting several retail stores in Detroit. On September 19, 1925, he had an operation. He was confined to the hospital and his home for a time and then was able to get about. He claims he was wholly incapacitated from work for a year and that, since then, although he has been able to conduct his business, he has been prevented, by the effect of the operation, from doing some of his work. Within the year after the operation, plaintiff filed proof of claim. Defendant de-

nied liability, and this suit is to recover $1,000 for total disability for one year. The court directed a verdict for defendant.

We will assume that plaintiff's testimony raised an issue of fact for the jury upon his claim that he was totally disabled from work for a year and has been partially incapacitated since.

The policy is not ambiguous and there is no occasion for the application of the rule that it will be construed against the insurer. It is not a straight disability contract. It requires that the disability, to be compensable, shall be both total and permanent. Both elements must coexist. *Shipp* v. *Metropolitan Life Ins. Co.,* 146 Miss. 18 (111 South. 453). A temporary total disability, even for a year, followed by only partial disability, is not within the benefits. *Ginell* v. *Prudential Life Ins. Co.,* 237 N. Y. 554 (143 N. E. 740), reversing 205 App. Div. 494 (200 N. Y. Supp. 261).

Plaintiff made no showing at the trial, by medical opinion or otherwise, of the probable duration of his total disability, nor did he present testimony that he had made such showing in his proof of claim. While it is true that the time a disability will run can not be foretold with certainty, there are possibilities and probabilities in connection with injuries and diseases which may be measured more or less accurately by standards based upon experience and which may be shown in evidence. Plaintiff's proof failed entirely in the essential that total disability would "presumably" be for life, as required by the policy.

Judgment is affirmed, with costs.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, and NORTH, JJ., concurred. BUTZEL, C. J., did not sit.