FORMAN *v.* NEW YORK LIFE INSURANCE CO.

1. INSURANCE—TOTAL DISABILITY—ANY OCCUPATION.
    In action by insured to recover benefits under a total disability clause of a life insurance policy it is unnecessary to determine whether "any occupation" means insured's ordinary vocation or includes any kind of work within the range of his capacity and condition, where medical testimony is that insured could not pursue any suggested vocation with reasonable regularity or length of time without hazard of relapse.

2. SAME—DUE PROOF OF DISABILITY.
    Due proof of disability under a life insurance policy means reasonable evidence within terms of policy shall be submitted to the company and is ultimately a question of fact for trial as the insurer is not constituted the sole judge thereof by the policy.

3. SAME—PROOF OF DISABILITY—ESTOPPEL OF INSURER.
    Insurer must particularly point out defects in proof of disability under life insurance policy if it intends to rely upon them.

4. SAME—DUE PROOF OF DISABILITY—EVIDENCE.
    Due proof of disability under life insurance policy entitling insured to disability benefits *held,* ample, where insurer had proof that insured had phlebitis and thrombosis, knew results of two years of treatment, that there was past and present total disability and medical opinion that it would be permanent.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 4, 1934. (Docket No. 22, Calendar No. 37,539.) Decided June 4, 1934.

Assumpsit by Barney Forman against New York Life Insurance Company, a foreign corporation, for disability benefits under a life insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Sempliner, Dewey, Stanton & Honigman (Jason L. Honigman,* of counsel), for plaintiff.

*Thomas A. E. Weadock,* for defendant.

FEAD, J.   The action is to recover benefits under a total disability clause of a life insurance policy:

"Whenever the company receives due proof \* \* \* that the insured \* \* \* has become wholly disabled by bodily injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit," etc.

Plaintiff is 40 years old, a tailor, without experience in other occupations, and is unable to read or write English.   In July, 1928, he became afflicted with phlebitis, inflamation of a vein, and thrombosis, a blood or pus clot in the vein, high in the right leg or thigh.   Phlebitis is a stubborn disease.   The inflamation may be reduced but exertion of the leg or even general exercise may cause a recurrence of an acute painful condition.   Thrombosis involves the danger of the clot breaking into particles which, carried in the blood stream to the brain or heart, may cause death.

It is unnecessary to determine whether "any occupation" means the ordinary vocation of the insured or includes any kind of work within the range of his capacity and condition.   See 79 A. L. R. 857, note and prior notes; *Metropolitan Life Ins. Co.* v. *Foster* (C. C. A.), 67 Fed. (2d) 264; *Brod* v. *Detroit Life Ins. Co.,* 253 Mich. 545.   The medical testimony is that plaintiff could not pursue any suggested vocation with a reasonable degree of regularity or length of time and without hazard of relapse.   The doctors opined that plaintiff is not able to engage in any

occupation for gain except under circumstances so favorable and fortuitous as to be without the range of probabilities. They also testified that plaintiff's disability is probably permanent. The showing of total permanent disability was ample.

Defendant's principal contention is that "due proof" of total disability was not submitted to defendant. It is argued that it is not the fact of disability but the showing to the company which brings the clause into operation.

Of course the policy cannot fairly be construed to constitute defendant the sole judge of disability nor to mean that the fact of permanent disability is foreclosed in favor of or against either party by the proof made to the company by the insured. Actionable disability ultimately is a question of fact for trial. "Due proof" can mean no more than that reasonable evidence of disability within the terms of the policy shall be submitted to the company. Where such evidence is submitted in a good faith attempt to comply with the provisions of the policy the company should point out particularly any defects therein if it intends to rely upon them. *Fagerlie v. New York Life Ins. Co.,* 129 Ore. 485 (278 Pac. 104).

Aside from his own application, filed with the company December 27, 1928, plaintiff submitted the reports of four attending physicians covering treatments from July 26, 1928, to June, 1930, showing the character of his ailment and that he had been totally disabled continuously during that time. The doctors who early treated him made prognosis that his disability would extend into the future but did not express an opinion that it would be permanent. However, they progressively were doubtful of his recovery as time passed and the condition did not

yield to treatment and the doctor who attended him in 1930 stated:

"It is my opinion that as much collateral circulation has been established in the right leg as is possible and that condition now is one of total and permanent disability as far as pursuing occupation is concerned."

Defendant's medical examiner examined plaintiff and reported that he found no reason for disability in the physical examination and thought plaintiff would eventually recover. Upon this showing defendant, on September 12, 1930, advised plaintiff that, from the information it had received, it did not appear that he would be permanently, continuously and wholly prevented from pursuing some gainful occupation. It did not ask for further evidence or point out insufficiency of the showing made.

Having before it proof of the nature of the disease, of the results of treatment for two years, of the fact of past and present total disability, and medical opinion that it would be permanent, defendant had such reasonable showing of total disability as constituted "due proof" and required it to pay the benefits or to be prepared to defend upon the fact of disability.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.