THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation of the State of New Jersey, d. b. a., v. FREDERICK H. LITZKE, p. b. r.

(*December* 17, 1934.)

RODNEY, J., sitting.

*Ward and Gray* for The Prudential Insurance Company, the appellant.

*Harry W. Lunger* for Frederick H. Litzke, the plaintiff below, the respondent.

Superior Court for New Castle County, Assumpsit, No. 117, March Term, 1934.

596

RODNEY, J., delivering the opinion of the Court:

There are, I apprehend, two essentials which must exist before any liability could arise in this case:

(1) The respondent, while under 60, must have "become permanently disabled or physically or mentally incapacitated to such an extent that he by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value," and

(2) Due proof of such disability or incapacity must be furnished to the Company at or prior to the time the liability of the Company is to commence.

It is apparent that the first essential includes the two elements of amount of disability or incapacity (i. e., total or partial) and also the time that such disability will continue. No question is raised in the agreed statement of facts or on the briefs as to the amount or extent of disability so I shall confine my consideration to the element included in the general term of "permanency of disability."

The respondent contends that the words "permanently disabled" do not mean and should not be construed to mean that the disability must be perpetual in duration but mean a disability that will continue for a reasonably long and indefinite period of time.

It is, of course, elemental that clauses in insurance policies are given a somewhat strict construction against the insurer, by whom the clauses were drafted, but such construction will not be carried to the point of making a new contract between the parties nor allow judicial refinement to destroy the plain and unambiguous agreement of the parties.

I am of the opinion that when the Company's liability shall commence upon due "proof" that the claimant

shall have become disabled such words do not mean conclusive proof that the claimant will be perpetually disabled. There could be no such proof of perpetual disability until death, itself, had furnished it and then that person for whom the benefits were provided could not profit by them. The Company, having adopted disability benefits as additional inducement for the taking of policies and having received premiums therefor, is not entitled to a construction that would absolutely deny the payment of benefits under any conditions. On the other hand, the word "permanent" is not to be lightly or entirely disregarded. "Permanently disabled" is the antithesis of "temporarily disabled" for "permanent" is the direct antonym of "temporary." "Permanently disabled" means a present disability which has every indications of continuing indefinitely as to time and as to which there is no present reasonable and apparent probability of future recovery. Finite minds cannot absolutely determine permanency but professional training and knowledge can, from the experience of the past, with more or less accuracy predict the probabilities of future disability.

It may be conceded that the word "permanent" in policies, somewhat analogous to that now considered, has been variously construed. In *Penn Mutual Life Insurance Co. v. Milton,* 160 *Ga.* 168, 127 *S. E.* 140, 40 *A. L. R.* 1382, a disability which lasted for sixteen months but from which the insured had recovered was construed to be "permanent disability." See, also, *Maze v. Equitable Life Insurance Co.,* 188 *Minn.* 139, 246 *N. W.* 737; *Wenstrom v. Ætna Life Insurance Co.,* 55 *N. D.* 647, 215 *N. W.* 93, 54 *A. L. R.* 289.

The leading case in the preservation of the distinction between the terms permanent and temporary as applied to disabilitites in policies analogous to the present is the New York case of *Ginell v. Prudential Insurance Co.* The Trial Term, in 119 *Misc.* 467, 196 *N. Y. S.* 337, held that total disability from tuberculosis for sixteen months was a "per-

manent disability." This was approved by the Appellate Divison in 205 *App. Div.* 494, 200 *N. Y. S.* 261, where Justice Van Kirk wrote a dissenting opinion. The Court of Appeals, in 237 *N. Y.* 554, 143 *N. E.* 740, reversed the Appellate Division on the dissenting opinion of Justice Van Kirk. This case has been approved in *Grenon v. Metropolitan Life Insurance Co.*, 52 *R. I.* 453, 161 *A.* 229; *Hawkins v. John Hancock Mutual Life Insurance Co.*, 205 *Iowa* 760, 218 *N. W.* 313; *Brod v. Detroit Life Insurance Co.*, 253 *Mich.* 545, 235 *N. W.* 248; *Maresh v. Peoria Life Insurance Co.*, 133 *Kan.* 654, 3 *P.* (2d) 634; *Lewis v. Metropolitan Life Insurance Co.* (*La. App.*), 142 *So.* 262-265; *Job v. Equitable Life Insurance Co.*, 133 *Cal. App.* (*Supp.*) 791, 22 *P.* (2d) 607. See, also, *notes* in 40 *A. L. R.* 1386; 54 *A. L. R.* 294.

It may be remarked, however, that in all of the cases hereinbefore cited the disability, while continuing a considerable time, had abated and at the time of the action the claimant had either completely or to a large extent recovered. In the present case there is no testimony of recovery.

The respondent here argues that the inclusion of certain language in the policy operates in a manner to destroy the meaning of the word permanent. He argues that the "recovery from disability" clause is so worded as to contemplate a recovery and that, because of this fact and because the "waiver of premiums" clause and the "monthly income" clause are limited to a particular period of time, viz., "during such disability," the Company did not contemplate that the disabilty should be perpetual or, in fact, permanent. I do not so read the contract. The policy provides that, upon proof of the happening of a permanent disability, the receipt of the premiums is waived by the Company and a short time later certain monthly payments are made to the insured by the Company. To get the real meaning of this clause we may assume that the Company

has accepted the proofs of permanent disability and has waived the payment of premiums and has commenced the payment of benefits. Because the only disability which may be compensated under the policy is a permanent one and because the Company and universal experience recognizes that what seems at one time to be a permanent disability may not in fact be such, the Company may insist upon proof of the continuing state of the permanent disability. If the character of the disability continues permanent then the liability of the Company continues but if that which had once seemed permanent has turned out to be merely temporary then the liability under the policy ceases and this is what the policy means by the phrase "during such disability."

(2) The policy here in issue is a life insurance policy carrying a disability clause and the liability of the Company does not begin until it has received "due proof" of such disability. By "due proof" is not meant such proof as the Company may desire or arbitrarily demand but such reasonable proof, under all the circumstances, as the particular case may admit in the judgment of that tribunal charged with the settlement of the controversy. The furnishing of "due proof" is, unless waived, a condition precedent to the liability of the Company. Has "due proof" been submitted in the present case? This must be determined upon most meager and unsatisfactory facts. The original proof of claim consisted of the statement of one attending physician, executed July 6, 1932, and of this two questions are alone material. To the question, "Approximately, when do you think the insured will be able to perform some work? Kindly give date," the answer was, "Undetermined—may be able to perform part time after a year." The answer "undetermined" must mean that the disability was of such a character that the doctor could not indicate a time for recovery and both the question and answer may have reference

to the totality or extent of the disability as well as its "permanency" as to time. At all events, if "undetermined" was the real result of the doctor's examination the further conjecture that the patient "may be able to perform part time after a year" loses much of the force to which at first it seems entitled. The other question and answer are subject to the same view.

At the hearing in the Court of Common Pleas the physician wâs a witness and the agreed statement of facts here filed thus summarizes his testimony:

"Dr. Phillips further testified that, at the time he executed that part of the proof of claim required to be filled in by the attending physician, on July 6, 1932, the word undetermined was the only answer he could make as to whether or not the plaintiff below respondent was permanently disabled. Dr. Phillips further stated that the same was true when he executed a subsequent proof of claim on February 20, 1933, and that on each occasion the proof submitted was the only proof that could be given as to whether the plaintiff below respondent would or would not recover."

It is apparent from this testimony, which I am clearly at liberty to consider, that the doctor had not intended by any qualifications of the word "undetermined" to indicate that he had in fact determined the result of the illness or could prognosticate the time of recovery. He expressly states that "undetermined" was the only answer he could make.

After receiving the original proof of claim, executed July 6, 1932, the Company sent a letter direct to the attending physician containing certain questions, which were answered September 1, 1932, by the doctor. This is included in the preliminary facts hereinbefore set out. These questions and answers were not furnished to the Company by the claimant and constituted no part of the proof of claim but assuming, under the agreement, that they may be considered by me, they merely indicate an expectation on the part of the doctor that "probably in about 1 yr." the claimant may "take up some kind of work." The subsequent

proof of claim, executed February 20, 1933, shows that the claimant had been totally disabled from April 16, 1932, and, as to the question of permanency of the disability, the attending physician would state nothing further than "undetermined," the same answer that he had made on July 6, 1932. This was accepted by the Company and payments have been made since May 20, 1933.

From a consideration of all the facts, I cannot say that the original proof of claim was insufficient. The word "undetermined" as used in the proof of claim is not to be considered by me of and by itself as suggesting that the physician had not diagnosed the case but is to be considered with the physician's oral testimony that such answer was the only one that could be made and as indicative of the fact that there was then present no reasonable or apparent prospect of recovery. It is admitted that the claimant was totally disabled on July 6, 1932, and has so continued until the present time.

Judgment will be entered in favor of Frederick H. Litzke, plaintiff below, respondent, and against The Prudential Insurance Company of America, a corporation of the State of New Jersey, defendant below, appellant.