[L. A. No. 19336. In Bank. Nov. 5, 1945.]

DOROTHY K. CULLEY, Respondent, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant.

Meserve, Mumper & Hughes and Hewlings Mumper for Appellant.

C. H. Hartke for Respondent.

TRAYNOR, J.—Plaintiff brought this action to recover the face value and disability benefits of a life insurance policy issued in 1923 by defendant on the life of plaintiff's husband, who died on April 14, 1941, of cancer of the chest. The insured defaulted in the payment of the quarterly premium of $70 due on August 20, 1940, and failed to pay the premium during the one-month period of grace allowed in the policy. On September 22, 1940, defendant agreed to give the insured until October 20th to make good the default. The insured paid defendant $20 in cash, which gave him term insurance at the rate of $2.00 per thousand for one month, and signed a so-called blue note for $50, plus interest, payable on October 20th. All rights under the policy were to be restored upon payment of the note, whereas failure to pay would make the default in the payment of the premium final as of August 20th. (*Eddie* v. *New York Life Ins. Co.*, 75 Cal.App.199 [242 P. 501] ; *Talsky* v. *New York Life Ins. Co.*, 244 App.Div. 661 [280 N.Y.S. 69].) The insured failed to pay the note

when it fell due, and on October 26, 1940, defendant notified him that his policy had.lapsed.

Plaintiff relies on section 1 (4) of the policy, which provides: "In the event of default in payment of premium after the Insured has become totally disabled, the policy will be restored upon payment of arrears of premium with interest at 5%, provided due proof that the Insured is totally and presumably permanently disabled, as herein defined, is received by the Company not later than six months after said default and the benefits under this section shall then be the same as if said default had not occurred." The trial court found that the insured was totally and presumably permanently disabled before August 20th; that defendant received due proof of such disability on February 20, 1941; and that defendant denied liability under the policy on February 18, 1941, and thereby waived any further premiums. The court also found that no premium was due and payable on August 20, 1940, on the ground that the insured was then disabled within the meaning of the policy. The court gave judgment for the plaintiff in the sum of $10,632.46, which included disability benefits for a period of nine months. Defendant appeals.

The finding that no premium was due and payable on August 20, 1940, cannot be sustained. Premiums are waived under the policy only if due after receipt of proof of total disability. Since no proof was received until February, 1941, defendant's contention that the policy lapsed for nonpayment of the August premium must be upheld. The question remains, however, whether the policy was restored under the provisions of section 1 (4) thereof.

Defendant contends that the trial court's finding that the insured was totally and presumably permanently disabled before August 20, 1940, is not supported by the evidence. The evidence shows without conflict that for some time before 1940 the insured had cancer; that at least since the beginning of July, 1940, he suffered severe pain and lost weight and strength rapidly; and that he was compelled to forego his usual business activities as real estate broker and appraiser. He came to his office irregularly and stayed only for short periods, avoiding customers. He performed no work after July of 1940 for which he or his firm received any remuneration. The policy provides that "Disability shall be deemed to be total whenever the Insured is wholly disabled

by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit.'' It is settled in this state that total disability within the meaning of this provision is a disability that prevents the insured from ''working with reasonable continuity in his customary occupation or in any other occupation in which he might reasonably be expected to engage in view of his station and physical and mental capacity.'' (*Erreca* v. *Western States Life Ins. Co.*, 19 Cal.2d 388, 394, 395 [121 P.2d 689, 141 A.L.R. 68] ; *Hurwit* v. *Prudential Ins. Co. of America*, 45 Cal.App.2d 74, 81 [113 P.2d 691].) A finding that the insured is totally disabled is not precluded by the fact that he still goes to his office irregularly and engages sporadically in business matters. ''According to overwhelming authority, the term 'total disability' does not signify an absolute state of helplessness but means such a disability as renders the insured unable to perform the substantial and material acts necessary to the prosecution of a business or occupation in the usual or customary way. Recovery is not precluded under a total disability provision because the insured is able to perform sporadic tasks, or give attention to simple or inconsequential details incident to the conduct of business.'' (19 Cal.2d 388, 396.) The finding of the trial court must therefore be upheld, for the evidence clearly shows that the condition of the insured before August 20, 1940, prevented him from performing the duties of his occupation or any other occupation in which he might reasonably have been expected to engage.

 Defendant also contends that it did not receive due proof of the insured's disability within six months after his default in the payment of the premium. On February 15, 1941, a representative of the insured called at defendant's Los Angeles office. He showed the policy to two of defendant's employees, one of them defendant's supervisor of agencies, and told them that the insured was critically ill in the hospital with cancer ; that he intended to rely on the restoration clause in the policy ; that since the premium was in default since August 20th, the six months' period would expire on the 20th of February ; and that it was therefore necessary to have immediately the forms on which to claim disability benefits. This conversation occurred on Saturday, February 15, 1941. Both employees replied that they had no forms at that time but that the forms would be mailed to the office

of the insured "and would be there the first thing Monday morning, February 17th." The forms were not mailed as promised, but on the afternoon of February 20th an inspector sent by defendant to investigate the claim called at the office of the insured. He brought a form for proof of disability, which was filled out in his presence, and was signed at the hospital by plaintiff on behalf of her husband. The inspector inquired of the business partner of the insured with regard to the circumstances of the insured's disability and was told "substantially the facts with reference to Mr. Culley," to which the partner testified at the trial. This testimony described in detail the decline in the insured's health throughout 1940. The inspector was sent by defendant to investigate the claim, and the knowledge that he acquired in the course of his investigation is the knowledge of his principal. (*Vanciel* v. *Kumle,* 26 Cal.2d 732, 734 [160 P.2d 802].)

In view of this evidence, as to which there is no conflict, the trial court was justified in finding that due proof of the insured's disability was furnished on February 20th, although the claim form filled out in the presence of the inspector was not filed with defendant until the following day. The policy does not provide that proof of disability be given in writing. It is settled that the term "due proof" of disability, in the absence of a specific requirement in the policy, "does not require any particular form of proof which the insured might arbitrarily demand, but only a statement of fact as, if established in court would require payment of the claim." (*McAndrews* v. *Prudential Ins. Co.,* 132 Neb. 332, 335 [271 N.W. 857, 109 A.L.R. 821]; *Aetna Life Ins. Co.* v. *Tipps,* 132 Tex. 213 [121 S.W.2d 324]; *Zorger* v. *Prudential Ins. Co.,* 282 Ill.App. 444; *Forman* v. *New York Life Ins. Co.,* 267 Mich. 426 [255 N.W. 222]; *Prudential Ins. Co.* v. *Litzke,* 36 Del. 592 [179 A. 492]; *Wade* v. *Metropolitan Life Ins. Co.,* 179 S.C. 70 [183 S.E. 589]; see 109 A.L.R. 825; 3 Appleman Insurance Law and Practice, § 1444; see, also, *Kennedy* v. *Occidental Life Ins. Co.,* 18 Cal.2d 627, 631 [117 P.2d 3].)

Due proof is required to enable the insurer to form an estimate of its rights and liabilities (*O'Reilly* v. *Guardian Mutual Life Ins. Co.,* 60 N.Y. 169 [19 Am.Rep. 151]; *American Nat. Ins. Co.* v. *Yee Lim Shee,* 104 F.2d 688, cert. den. 308 U.S. 592 [60 S.Ct. 122, 84 L.Ed. 495]; *Baba* v. *Mutual Ben. Health & Acc. Assn.,* 280 Mich. 531 [273 N.W. 795].) What the reasonable requirements for that purpose are will depend upon the circumstances of the particular case. (See

*Prudential Ins. Co.* v. *Litzke, supra.*) ▮▮ In the present case the insured's representative advised defendant of the insured's disability and of his intention to base thereon his claim that the policy had not lapsed and that he was entitled to disability benefits. He also advised defendant that the matter was urgent. Defendant did not explain at the trial why it did not keep the promise made to the insured's representative that the forms would be available to the insured on February 17th. Defendant, however, sent its inspector on the afternoon of the 20th, the last day of the six-month period, thus giving the insured an eleventh hour chance to comply with the requirements of the policy and to provide defendant with the necessary information. It is clear from the evidence that the meeting that took place under these circumstances was for the purpose of making proof of disability. Defendant contends, however, that since it was contemplated that a formal claim should be filed with the insurance company, the information given at the meeting on February 20th was regarded by the parties as merely preliminary to the presentation of written proof. The record discloses that the parties regarded the meeting "as a matter of making a proof of disability." The fact that they also contemplated the filing of the proof in written form does not render ineffective the proof previously given.

▮▮ Although the policy contains no express requirement that proof be given in writing, defendant contends that such a requirement should be implied from section 1 (3) of the policy which provides: "3. Benefits.—Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is totally and presumably permanently disabled . . . the following benefits will be granted: (a) Income Payments . . . (b) Waiver of premiums. . . ." This provision is not concerned with how proof is to be given, but with when benefits are to begin. The policy does not require that proof of disability be received at the home office of the company before it can be restored. Section 1 (4) of the policy provides that it will be restored "provided due proof that the Insured is totally and presumably permanently disabled, as herein defined, is received by the Company not later than six months after said default." This provision requires merely that due proof be "received by the Company," not that it be received at its home office. In

fact it is not contended that defendant's Los Angeles office had no authority to receive proof of disability. The specification of receipt at the home office in the provision relating to income payments and waiver of premiums and the omission of such a requirement in the provision relating to restoration plainly indicates that such a requirement was not intended in the case of restoration. ■ In any event any doubt as to the meaning of the policy must be resolved in favor of the insured under well known rules of interpretation. (*Blackburn* v. *Home Life Ins. Co.,* 19 Cal.2d 226 [120 P.2d 31]; *Baine* v. *Continental Assur. Co.,* 21 Cal.2d 1 [129 P.2d 396, 142 A.L.R. 1253].)

■ Defendant contends that plaintiff did not prove that the insured was totally disabled on August 20, 1940, since the written claim shows on its face that total disability did not begin until nine days after the policy had lapsed. The written form contained the following question and answer: ''From what date has your disability prevented you from engaging in any occupation whatsoever for remuneration or profit? August 29, 1940.'' This question called for a legal conclusion as to the meaning of total disability and the date of its commencement (see *Erreca* v. *Western States Life Ins. Co.,* 19 Cal.2d 388, 394 [121 P.2d 689, 141 A.L.R. 68]), and the answer given was subject to explanation and correction. August 29, 1940, was the date when Dr. Wilke, under whose care the insured remained until his death, first received an emergency call to see the insured, who was suffering from an extreme pain in his chest. The insured had been under other medical care before that time and his health had failed long before that particular night of suffering. The written form also referred to the insured's failing health before August 29, 1940, for the question as to when the illness leading to the insured's disability began was answered: ''Pain began in March, 1940. Doctors state that cancer must have begun over 2 years ago. Spent part of time in bed since latter part of June, 1940.'' Defendant did not rely upon plaintiff's written statements but chose instead to make its own investigation and concluded that total disability did not begin until December 19, 1940, the date when the insured went to his office for the last time. Defendant was familiar with substantially the same facts as the trial court. That it appraised them differently is immaterial.

In the absence of estoppel, statements in proofs of loss are not conclusive. ''A statement in a proof . . . that is not

true does not estop the beneficiary as a matter of law where the insurer is not prejudiced thereby. It is merely evidence to be considered and given such weight as the jury think it entitled to in connection with all other evidence in the case." (*Ocean Accident & Guarantee Corp.* v. *Moore,* 85 F.2d 369, 372, cert. den. 299 U.S. 609 [57 S.Ct. 235, 81 L.Ed. 449] ; *First Nat. Bank* v. *Glens Falls Ins. Co.,* 27 F.2d 64; *Supreme Tent K.O.T.M.* v. *Stensland,* 206 Ill. 124 [68 N.E. 1098, 99 Am.St. Rep. 137] ; *Harrington* v. *Southern Surety Co.,* 206 Iowa 925 [221 N.W. 577] ; *Gass* v. *Commonwealth Casualty Co.,* 113 Kan. 510 [214 P. 1115] ; *Prudential Ins. Co.* v. *Kendrick,* 262 Ky. 297 [90 S.W.2d 52] ; *Spencer* v. *Citizens' M. L. Ins. Assn.,* 142 N.Y. 505 [37 N.E. 617] ; *Wade* v. *Metropolitan Life Ins. Co., supra, Clarke* v. *Travelers' Ins. Co.,* 94 Vt. 383 [111 A. 449] ; *Armstrong* v. *Modern Woodmen of America,* 93 Wash. 352 [160 P. 946, Ann.Cas. 1918E 263] ; see Appleman, op. cit., §§ 1471-1474 and 7 Couch, Cyclopedia of Insurance Law, § 1556.)

*Wachtel* v. *Equitable Life Assur. Soc.,* 266 N.Y. 345 [194 N.E. 850], on which defendant relies, is clearly distinguishable. In that case the policy provided for double indemnity upon due proof that ''death . . . resulted from bodily injuries caused . . . exclusively . . . by accidental means.'' The proof submitted to the insurance company stated that the insured had died of coronary thrombosis. In fact death resulted from an accidental injury. Recovery of the double indemnity was denied on the ground that ''a party required by contract to submit proof of certain facts as a condition of liability, does not perform the condition by submitting through error proof that these facts do not exist.'' (266 N.Y. 345, 351.) In the Wachtel case the plaintiff failed to furnish any proof of accidental death, the risk insured against. In the present case ample proof of total disability was given together with an answer to a question that was at most an admission. The opinion in the Wachtel case declares, in conformity with the overwhelming weight of authority that ''Admissions, in proofs of claims to insurance companies, like other admissions, are subject to explanation. They are not conclusive, and proof may be presented that they are erroneous.'' (266 N.Y. 345, 351.)

This action is not barred, as defendant contends, on the ground that the insured failed to pay the arrears in premium with interest or that the complaint was filed

after his death. The restoration clause requires arrears in premium to be paid with 5 per cent interest but does not specify any period within which such payment must be made. When the insured filed his claim for disability benefits with defendant, he did not tender the November 20th premium but tendered a check for the August 20th premium and interest, which defendant refused to accept. Since defendant was not entitled to the arrears of premium unless the policy was restored, it was reasonable for the insured to wait until his claim was passed upon before tendering any payment. On March 10, 1941, defendant made its position known. It denied liability, not on the ground that no payment had yet been made, but on the ground that total disability had not begun until after default. Such unconditional denial of liability gave rise immediately to a cause of action and rendered any tender of premiums unnecessary. (*Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246 [23 P. 869, 17 Am.St.Rep. 233]; *McCollough* v. *Home Ins. Co.*, 155 Cal. 659 [102 P. 814, 18 Ann.Cas. 862]; *Wilkinson* v. *Standard Acc. Ins. Co.*, 180 Cal. 252 [180 P. 607]; *Dietlin* v. *General American Life Ins. Co.*, 4 Cal.2d 336 [49 P.2d 590]; *Grant* v. *Sun Indemnity Co.*, 11 Cal.2d 438 [80 P.2d 996]; *Paez* v. *Mutual Indem. etc. Ins. Co.*, 116 Cal.App. 654 [3 P.2d 69].) Since the cause of action arose while the insured was alive, it is immaterial that the complaint was filed after his death. *Anderson* v. *New York Life Insurance Co.*, 64 Cal.App.2d 798 [149 P.2d 462], and *Johnson* v. *Mutual Life Insurance Co.*, 70 F.2d 41, are distinguishable on the ground that in those cases the insured did not furnish proof of disability before his death.

 The trial court erroneously awarded disability benefits for a period of nine months preceding the death of the insured. Disability payments under the policy were to begin only upon receipt of proof of disability at the company's home office. Such proof was not received there until March 3, 1941. If, however, the trial court was correct in finding that the defendant denied liability on February 18, 1941, the obligation to pay disability benefits began that day, for the denial of liability amounted to a waiver of the requirement that proof be submitted. The letter, dated February 13, 1941, in which defendant notified the insured that the policy had no further insurance value was received on February 18, 1941. That letter, however, was written in answer to an inquiry from the insured without any

knowledge on defendant's part that the insured was disabled. When it was written, the policy had no further insurance value unless the insured had been totally disabled as far back as August 20, 1940. Disability was not mentioned in September, 1940, when the insured gave defendant his note for the August premium. Nor was it mentioned in October, 1940, when the insured gave defendant his check in payment of that note or in the same month when he paid a premium on another policy, although he could have avoided that payment by filing proof of disability. Finally, disability was not mentioned even in the inquiry as to the status of the policy, which defendant answered in its letter of February 13, 1941. While the insured was under no duty to furnish proof of total disability before February 20, 1941, defendant was under no duty to suggest to him that his policy might be restored under conditions that it had no reason to believe existed.

The judgment is modified to provide for deduction of an amount equal to the premiums due August 20th and November 20th, 1940, with interest at 5 per cent to date of judgment and for recovery of disability benefits from March 3d, 1941. As so modified, the judgment is affirmed; plaintiff to recover her costs on appeal.

Gibson, C. J., Carter, J., Schauer, J., Spence, J., Nourse, J., pro tem., and Peters, J., pro tem., concurred.