**ASSOCIATED ENGINEERS, INCORPO·
RATED, Plaintiff,**

v.

**AMERICAN NATIONAL FIRE INSUR·
ANCE COMPANY, a corporation,
Defendant.**

**No. 37491.**

United States District Court
N. D. California, S. D.

Aug. 4, 1959.

Hardy, Carley, Thompson & Love, Palo Alto, Cal., for plaintiff.

George H. Hauerken, Hauerken, St. Clair & Viadro, San Francisco, Cal., for defendant.

ROCHE, Judge.

Plaintiff seeks to recover upon a policy of insurance issued by defendant. Jurisdiction is based upon diversity of citizenship. The insurance contract was executed in California and it is not disputed that California law is applicable in deciding the substantive issues of the case.

On June 3, 1957, plaintiff was engaged by the City of Los Altos to construct a sanitary sewage system. On July 9, 1957, defendant issued to plaintiff a policy insuring all property of plaintiff to be used in connection with said construction against all risk of physical loss or damage for one year. Laying of the sewer lines was completed in early November, leaving only testing, paving and cleanup still to be done. Subsequently, while testing, it was discovered that leakage from the system was in excess of the maximum allowed by the contract and on December 6, 1957 broken pipe was uncovered for the first time. From December 6 to February 14, 1958, additional sections of broken pipe were found along with leaky collars in many of the connecting joints. Testing was completed by February 20 and final repairs were made on February 26.

The record reveals that notification of loss was rendered by Associated in a letter received by its broker on March 12, 1958; the letter was immediately turned over to American. Defendant's attorneys replied on March 19 requesting information as to the date and nature of the loss, but defendant took no additional action. Plaintiff's next communication was a letter to defendant's attorneys, postmarked May 16, 1958, containing an explanation of the loss, a summarization of the cost of repairs and a swearing by T. C. Binkley, president of Associated. A more detailed description and notarized swearing followed on or about May 22.

Plaintiff alleges that while engaged in the work of backfilling and tamping trenches in which sewer pipe had been laid, it inadvertently caused certain sections of pipe to become broken and damaged, that it expended $20,301.02 (a revised figure offered during the course of trial) to replace broken pipe and to repair leaky collars improperly installed by its employees, and that said loss resulted from a peril insured against by defendant. American has rejected Associated's claim on various grounds.

Defendant does not seriously dispute plaintiff's explanation of how the loss was caused but contends that "poor workmanship" is not a peril covered by the policy. According to its terms the policy provides coverage on all property "against all risks of physical loss or damage from any cause howsoever and wheresoever occurring" until the work has been completed and accepted. An explicit exception to the above coverage is "loss or damage caused by wear, tear, gradual deterioration and/or inherent vice." This type of policy is generally referred to as All-Risk insurance and it is unlike other types in that it does not specify the events which must cause loss or damage before the insurer is liable; it is a promise to pay upon the fortuitous and extraneous happening of loss or damage from any cause whatsoever. The uncontroverted evidence reveals that the loss was not attributable to normal wear and tear, inherent vice or gradual deterioration in the pipes or collars, nor to any wilful act by the plaintiff. The entire loss was clearly caused by negligence on the part of Associated, a fortuitous and extraneous event and not a necessary or normal consequence of the work. The

risk of negligence does not come within any exception to the policy and therefore it is an insured peril. Central Manufacturers' Mutual Insurance Co. v. Elliott, 10 Cir., 1949, 177 F.2d 1011; Federal Insurance Co. v. Tamiami Trail Tours, 5 Cir., 1941, 117 F.2d 794; New York, New Haven & Hartford Railroad Co. v. Gray, 2 Cir., 1957, 240 F.2d 460.

 Defendant further contends that even if the loss is one covered by the policy, plaintiff is not entitled to recover because it did not render prompt notice nor file a sworn proof of loss within ninety days as required by the contract. The applicable provision reads:

"2. Notice and Proof of Loss

"The Assured shall as soon as practicable report to this Company or its agent every loss or damage which may become a claim under this policy and shall also file with the Company or its agent within ninety days from date of loss a detailed sworn proof of loss. Failure by the Assured to report the said loss or damage and to file such sworn proof of loss as hereinbefore provided shall invalidate any claim under this policy for such loss."

A sworn proof of loss should supply particulars of damage and circumstance —as well as having the weight of a swearing by the insured—in order to enable the insurer to form an estimate of its rights and liabilities. Culley v. New York Life Insurance Co., 1945, 27 Cal.2d 187, 163 P.2d 698. It is not possible to prepare a proof of loss until a complete inspection of the damage may be accomplished and the full extent of loss thereby ascertained. National Wall Paper Co. v. Associated Manufacturers' Mutual Fire Insurance Corporation, 1903, 175 N.Y. 226, 67 N.E. 440. Breakage was initially discovered by Associated on December 6, but plaintiff did not learn the extent of the damage until February 20, on which date testing was completed according to the daily field reports furnished by plaintiff and the construction diaries kept by Brown and Caldwell, consulting engineers on the job. On Febru-

ary 20 the ninety-day period commenced to run, giving Associated until May 21 to file its proof. The letter from plaintiff's attorneys postmarked May 16 would, in the normal course of events, have arrived at the offices of defendant's attorneys on the next business day, May 19. Defendant does not contend that the facts are otherwise and the court will conclude that the letter was in fact received on May 19, the 88th day of the allowable period. Nor does defendant argue that its attorneys were not proper parties to receive a proof of loss; the communication to plaintiff of March 19, authorized by defendant, clearly had the effect of holding out defendant's attorneys as agents for the receipt of further communications from plaintiff. Inasmuch as the policy is not explicit regarding the content of a "detailed sworn proof of loss," the court finds the communication by plaintiff postmarked May 16 to be an adequate attempt for the purpose. Culley v. New York Life Insurance Co., supra.

It is well established that an insurance policy is to be construed in favor of the insured and any ambiguities are to be resolved against the insurer. Continental Casualty Co. v. Phoenix Construction Co., 1956, 46 Cal.2d 423, 296 P.2d 801, 57 A.L.R.2d 914. If two equally reasonable interpretations are possible, that which gives to the insured the greatest protection will prevail. Fageol Truck & Coach Co. v. Pacific Indemnity Co., 1941, 18 Cal.2d 731, 117 P.2d 661. Courts are strongly inclined against forfeitures on technical grounds. Bollinger v. National Fire Insurance Co., 1944, 25 Cal.2d 399, 154 P.2d 399.

The "Notice and Proof of Loss" provision states that "Failure * * * to report said loss or damage and to file such sworn proof of loss as hereinbefore provided shall invalidate any claim under this policy for such loss." Two interpretations of the clause are possible: (1) The claim is invalidated only if the insured fails *both* to give notice *and* to file proof of loss as provided, or (2) the claim is invalidated by his failure to do

either one. Of course, the second interpretation is most favorable to the insurer and if it expresses American's intent, the latter could easily have removed any doubt by altering the language of the policy to read, "Failure * * * to report said loss * * * *or* to file such sworn proof of loss * * * shall invalidate any claim under this policy for such loss." But as the policy stands, the first interpretation is at least as reasonable as the second, and inasmuch as it favors the insured, it is the construction that this court will apply. It has been determined that plaintiff rendered adequate and timely proof of loss and therefore, regardless of whether proper notice was given, the claim is not invalidated under the terms of the policy. Unless a requirement for notice is made a condition precedent or a forfeiture is provided for, failure to give notice will not defeat recovery. Abrams v. American Fidelity & Casualty Co., 1948, 32 Cal.2d 233, 195 P.2d 797; Connecticut Fire Insurance Co. v. Colorado Leasing, Mining & Milling Co., 1911, 50 Colo. 424, 116 P. 154.

Even if the policy were read to embrace the second interpretation of the clause in question, the court is not of the opinion that a contrary finding would result. Late notice will not bar recovery unless the insurer has been prejudiced thereby. Abrams v. American Fidelity & Casualty Co., supra; Purefoy v. Pacific Automobile Indemnity Exchange, 1955, 5 Cal.2d 81, 53 P.2d 155. Each case must depend on its own facts. Abrams, supra; Gibson v. Colonial Insurance Co., 2d Dist. 1949, 92 Cal.App.2d 33, 206 P.2d 387; Reed v. Pacific Indemnity Co., 1950, 101 Cal.App.2d 151, 225 P.2d 255. Here, the facts pertinent to the cause and material extent of the loss are not seriously disputed; there is no evidence to suggest that defendant has been prejudiced.

Defendant's contention that plaintiff's loss "has been collected from others" is also without merit. Defendant alludes to a bond issued by the United Pacific Insurance Company running in favor of the City of Los Altos and guaranteeing faithful performance by Associated. Because of the latter's impecunious position, United was called upon to advance funds to enable Associated to complete its work. The contract between plaintiff and United included an indemnity agreement whereby plaintiff was obligated to indemnify United for costs sustained in performing under the bond. The sole beneficiary of the bond was the City of Los Altos and Associated cannot be said to have recovered any part of its loss from United.

It is the conclusion of this court that plaintiff is entitled to recover from defendant damages covering materials and labor used in the removal and replacement of broken pipes and repair of leaky collars, together with interest from the date of judgment. All parties shall bear their own costs. Plaintiff will prepare findings of fact and conclusions of law in accordance with this opinion.